**Steven Ray CUDDY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–02–00152–CR.**

Court of Appeals of Texas, Texarkana.

Submitted March 6, 2003.

Decided April 18, 2003.

William C. Terry, Bonham, for appellant.

Myles Porter, Fannin County Atty., Michael Skotnik, Asst. Dist. Atty., Bonham, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

After a jury trial, Steven Ray Cuddy was convicted of possession of a controlled substance with intent to deliver and was sentenced to twenty-five years' confinement in the Texas Department of Criminal Justice, Institutional Division. On appeal, Cuddy brings the following points of error:

(1) the evidence was legally insufficient to support his conviction; (2) during closing argument, the State improperly commented on Cuddy's failure to testify; and (3) the trial court erred by admitting penitentiary packets (pen packets) during the punishment phase because they did not comply with Texas Rule of Evidence 902(4).

Through the use of an informant, the police arranged a drug transaction with Cuddy. On January 25, 2001, the informant placed a series of calls, dialing the same number each time, for the purpose of buying methamphetamine from Cuddy. Officer Dave Thompson, who listened in on the cellular telephone calls, testified that the person to whom these calls were made never identified himself, but that it was a male voice on the other end of the conversation. The transaction was to occur in a gasoline station parking lot in Trenton, Texas. Shortly after midnight, a vehicle matching the description given by the informant pulled into the designated parking lot. The informant then received a cellular telephone call from a male stating he was in the parking lot and waiting on the informant. The police began to close in on the suspect's vehicle. On seeing the police vehicles, the suspect attempted to flee the parking lot, but the police surrounded the suspect and made the arrest. The driver of the suspect's vehicle was identified as Cuddy, and the passenger was identified as Shannon Lindahl, Cuddy's girlfriend. The vehicle was registered in Cuddy's name, and the police found in Cuddy's vehicle the cellular telephone that had been used to call the informant minutes before the arrest.[1] The police also seized, from the female passenger, a bag filled with a white substance, later identified as methamphetamine.

At trial, the State introduced the bag into evidence as State's exhibit two, and the parties stipulated the bag contained methamphetamine weighing 27.95 grams. After the State rested, Cuddy brought a motion for acquittal, arguing the State failed to prove the allegations set forth in the indictment. The indictment charged Cuddy with "possession with the intent to deliver a controlled substance, to-wit: methamphetamine, in an amount by aggregate weight, including any adulterants or dilutants, of four grams or more but less than two hundred grams." Cuddy contended the State not only was required to prove the bag contained methamphetamine, but also had the burden of proving the existence of any adulterants or dilutants, added to increase the bulk or quantity of the final product, and their weight. Because no evidence was produced with regard to adulterants or dilutants, Cuddy argued the State failed to show that the methamphetamine, plus any adulterants or dilutants, weighed more than four grams. Based on that reasoning, Cuddy argued he could only be charged with possession with the intent to deliver less than one gram of methamphetamine, which is a state jail felony, as opposed to the second-degree felony charged in the indictment. The trial court denied Cuddy's motion, and he brings this appeal.

■ In his first point of error, Cuddy contends the trial court erred by not granting his motion for acquittal. A no-evidence motion for acquittal is reviewed in the same manner as a legal sufficiency challenge. *Isassi v. State*, 91 S.W.3d 807, 809 (Tex.App.-El Paso 2002, pet. ref'd). The standard for reviewing a legal suffi-

---

1. The police were able to show that the cellular telephone used to call the informant was the same one found in Cuddy's vehicle.

ciency challenge is whether, after reviewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Royal v. State,* 944 S.W.2d 33, 35 (Tex.App.-Texarkana 1997, pet. ref'd); *Gaffney v. State,* 937 S.W.2d 540, 541 (Tex. App.-Texarkana 1996, pet. ref'd). Whether the evidence satisfies the legal sufficiency test is a question of law. *Collins v. State,* 969 S.W.2d 114, 116 (Tex.App.-Texarkana 1998, pet. ref'd). A determination that the evidence is legally insufficient means (1) the case should never have been submitted to the jury, and (2) the cause must be reversed and an acquittal ordered. *Id.*

In support of his contention, Cuddy relies on *Cawthon v. State,* 849 S.W.2d 346 (Tex.Crim.App.1992). In *Cawthon,* the court held that, when adulterants and dilutants constitute part of the weight utilized to increase the amount of the controlled substance, thereby increasing the possible length of punishment, the State must have proved the following beyond a reasonable doubt: (1) the identity of the controlled substance; (2) that the remaining adulterants or dilutants have not affected the chemical activity of the controlled substance; (3) that the adulterants or dilutants were added to the controlled substance with the intent to increase the bulk or quantity of the final product; and (4) the weight of the illegal substance, including any adulterants or dilutants. *Id.* at 348–49; *see Reeves v. State,* 806 S.W.2d 540 (Tex.Crim.App.1990). *Cawthon,* however, has been superseded by statute and subsequent caselaw. Under the Texas Health and Safety Code, adulterants or dilutants are now defined as "any material

that increases the bulk or quantity of a controlled substance, regardless of its effect on the chemical activity of the controlled substance." TEX. HEALTH & SAFETY CODE ANN. § 481.002(49) (Vernon Supp. 2003); *see Isassi,* 91 S.W.3d at 810. The State is no longer required to determine the existence or the amount of any adulterants or dilutants that may have been added to the controlled substance. Rather, the State need only prove that the controlled substance, including any adulterants or dilutants, equals the minimum weight set forth in the indictment. *Isassi,* 91 S.W.3d at 810.

In the present case, the State presented evidence the methamphetamine weighed 27.95 grams, which is obviously more than the minimum weight alleged in the indictment, and Cuddy stipulated to that evidence. Therefore, by reviewing the record in a light most favorable to the verdict, the evidence was legally sufficient to support the conviction, and Cuddy's point of error is overruled.

 In his next point of error, Cuddy complains the following statements constituted improper commentary on Cuddy's decision not to testify:

> Let me ask you something. You're riding with somebody. A bunch of police surround you, get you out, put you on the ground, find dope on your passenger, and you didn't know anything about it, what are you going to be saying? What's going on? "I didn't know nothing about it." [2]

The State may not allude to or comment on a defendant's failure to testify. TEX. CONST. art. I, § 10; TEX.CODE CRIM. PROC. ANN. art. 38.08 (Vernon 1979). The rule has been violated if the prosecutor's lan-

---

**2.** Cuddy objected to the State's argument as a comment on his failure to testify. *See* TEX.

R.APP. P. 33.1.

guage was manifestly intended, or was of such a nature, that the jury naturally took it to be a comment on the defendant's failure to testify. *Roberts v. State*, 923 S.W.2d 141, 145 (Tex.App.-Texarkana 1996, pet. ref'd). The reviewing court must view the challenged comment from the jury's standpoint, and the language must be more than an implied or indirect allusion to the defendant's silence. *Id.*

■ Reviewing the closing argument from the jury's standpoint, it is clear the prosecutor's comments were directed toward Cuddy's silence at the time of his arrest, rather than his failure to testify at the time of trial. *See Short v. State*, 671 S.W.2d 888, 890 (Tex.Crim.App.1984); *Greenwood v. State*, 740 S.W.2d 857, 860 (Tex.App.-Dallas 1987, no pet.). While the right to remain silent after arrest and the right not to self-incriminate at trial are derived from the same constitutional provisions, the protections apply in different contexts, and an objection to one does not preserve error on appeal for the other. *Short*, 671 S.W.2d at 890; *Greenwood*, 740 S.W.2d at 860. Because the prosecutor commented on Cuddy's silence after arrest, not his failure to testify, the trial court properly overruled the objection.

■ In his next point of error, Cuddy contends the trial court erred by admitting pen packets into evidence during the punishment phase because they were not properly authenticated. During the punishment phase of a criminal trial, the State or the defendant may present evidence the court deems relevant to sentencing, including the prior criminal record of a defendant. TEX.CODE CRIM. PROC. ANN. art. 37.07 (Vernon 1981 & Supp.2003). The Texas Court of Criminal Appeals has established that pen packets are admissible to show a defendant's prior criminal record provided they are properly authenticated as set forth in Texas Rule of Evidence 902.

*Reed v. State*, 811 S.W.2d 582, 586 (Tex. Crim.App.1991); *see* TEX.R. EVID. 902. Certification by the record clerk of the Texas Department of Criminal Justice, Institutional Division (TDCJID) constitutes proper authentication of the copies of the judgment and sentence found in a pen packet. *Reed*, 811 S.W.2d at 586; *Jones v. State*, 810 S.W.2d 824, 828 (Tex.App.-Houston [14th Dist.] 1991, no pet.).

In the present case, Cuddy contends the pen packets were not properly authenticated because the record clerk of the TDCJID failed to properly affix the required seal to the packets. *See* TEX.CODE CRIM. PROC. ANN. art. 37.07. However, after reviewing the pen packets, it is clear the record clerk of the TDCJID both signed the pen packets and properly affixed the required seal, though the seal is very faint. *See* TEX.R. EVID. 902(1), (2). Therefore, the pen packets were properly authenticated, and the trial court did not err by admitting them into evidence. *See Reed*, 811 S.W.2d at 586; *Jones*, 810 S.W.2d at 828.

For the reasons stated, we affirm the judgment of the trial court.