**Angela Denise THOMPSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–06–00016–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Jan. 24, 2007.

Decided Feb. 1, 2007.

Tim Cone, Gilmer, for appellant.

Billy W. Byrd, Upshur County District Atty., Timothy J. Cariker, Assistant District Attorney, Gilmer, for state.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

OPINION

Opinion by Justice CARTER.

The State alleged Angela Denise Thompson made a "false alteration of a governmental record, to-wit: Texas driv-

er's licenses and I.D. cards, said false alteration being fictitious information." A jury convicted Thompson of the offense. Thompson pled "true" to an enhancement paragraph in the indictment and was assessed eleven years' confinement. On appeal, Thompson alleges the evidence is legally and factually insufficient, the trial court erred in failing to suppress her written statement, and the evidence is insufficient to corroborate her statement. We find the evidence is legally insufficient to support a finding of guilt for the offense for which Thompson was indicted.

The Gladewater Police Department received information from the Longview Police Department requesting assistance in locating Thompson and her sister, April Dorsey, who they suspected of attempting to pass stolen checks. Officer Jared Sears went to 2811 Bernice Street and saw Thompson, who went inside the house. Ultimately, Dorsey, who was inside the house, gave the officers consent to search the house and curtilage. In an outbuilding, the officers found a computer and observed images of driver's licenses on the screen. Thompson later gave a written statement to police that she made "bogus driver's license[s]" on that computer. Thompson consented to a search of the computer. That search revealed "[n]umerous counterfeit [d]river's [l]icenses ... located on the computer."

**Legal Sufficiency of the Evidence**

Thompson's first issue is that the evidence is legally insufficient to support the jury's verdict. In our review of the legal sufficiency of the evidence, we employ the standards set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This calls on the court to view the relevant evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App.2000). In our review, we must evaluate all of the evidence in the record, both direct and circumstantial, whether admissible or inadmissible. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim.App.1999).

The indictment charged that Thompson had knowingly made a "false alteration of a governmental record, to wit: Texas driver's licenses and I.D. cards." This alleges a violation of Section 37.10(a)(1) of the Texas Penal Code.[1] Section 37.01(2) defines a "[g]overnmental record" as:

(A) anything belonging to, received by, or kept by government for information, including a court record;

(B) anything required by law to be kept by others for information of government;

(C) a license, certificate, permit, seal, title, letter of patent, or similar document issued by government, by another state, or by the United States;

(D) a standard proof of motor vehicle liability insurance form ...; or

(E) an official ballot or other election record.

TEX. PENAL CODE ANN. § 37.01(2) (Vernon Supp.2006).

Thompson argues that her actions did not amount to falsely altering a governmental record, as no record of the government was involved. The State argues that the statute includes licenses issued by the government and a Texas driver's license constitutes a governmental record, citing

---

1. "A person commits an offense if he: (1) knowingly makes a false entry in, or false alteration of, a governmental record." TEX.

PENAL CODE ANN. § 37.10(a)(1) (Vernon Supp. 2006).

subsection (2)(C) of Section 37.01. We agree that a driver's license is a governmental record and the alteration of such a license issued by the government is a violation of this law. However, the evidence presented in this case does not show that Thompson altered any document issued by the government, but that she created bogus driver's licenses by using her computer.[2]

While an unpublished case has no precedential value, the Dallas Court of Appeals has faced a similar situation. *See Mendoza v. State,* No. 05–05–00476–CR, 2006 WL 1629762, 2006 Tex.App. LEXIS 5060 (Tex. App.-Dallas June 14, 2006, no pet.) (mem. op., not designated for publication). There, the defendant, while attempting to cash a paycheck, presented a teller with a fake Texas driver's license. He was charged in accordance with Section 37.10(a)(5) that he did "make, present, or use a governmental record, to wit; identification card with knowledge of its falsity." *Id.* at *1, 2006 Tex.App. LEXIS 5060, at *2; *see* TEX. PENAL CODE ANN. § 37.10(a)(5) (Vernon Supp.2006). The Dallas court explained that, to prove that charge, something meeting the definition of a governmental record must have been presented that the defendant knew was false. What the defendant presented was not a governmental record, and the judgment was reversed. We find the rationale of that case persuasive.

For a license, certificate, or permit to be considered a governmental record, it must be issued by the government. TEX. PENAL CODE ANN. § 37.01(2)(C). Here, there is no proof that any of the items found on the computer were issued by any governmental body. The State's computer expert's report indicated that only counterfeit driver's licenses were located on the computer. These were prepared from sample I.D. templates from various websites. Thompson was not charged with making documents with the intent that they be taken or considered as governmental records; she was charged with altering governmental records. There is no evidence on which to base a finding of guilt to the elements of the crime. Therefore, the evidence is legally insufficient. Since the outcome of this issue is dispositive of the case, we will not address the other points of error.

We reverse the trial court's judgment and render a judgment of acquittal.

---

**2.** It appears the State could have proved that Thompson violated Section 37.10(a)(2), which delineates that one violates the law if the person "makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent that it be taken as a genuine governmental record." TEX. PENAL CODE ANN. § 37.10(a)(2) (Vernon Supp.2006). However, the State did not charge Thompson with that provision.