In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-383 CR


____________________



JOSHUA VIRGIL EASON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 356th District Court 


Hardin County, Texas


Trial Cause No. 17,414






MEMORANDUM OPINION


 Joshua Virgil Eason appeals his conviction for aggravated robbery. See Tex. Pen.
Code Ann. § 29.03 (Vernon 2003). The jury assessed a seventy-five year prison sentence
and a $5,000 fine. Eason raises three issues on appeal. We affirm. 

 Eason argues in his first issue that the trial court improperly proceeded with the trial
despite his voluntary absence. After the jury's guilty verdict and just prior to the punishment
phase of the trial, the court recessed for about an hour. The trial was to resume at 1:30 p.m.,
but at 1:30 p.m. Eason had not returned. After waiting another forty minutes, the trial court
continued the trial pursuant to article 33.03 of the Texas Code of Criminal Procedure despite
Eason's absence and defense counsel's objection. See Tex. Code Crim. Proc. Ann. art.
33.03 (Vernon 2006). Eason argues the trial court's failure to hold a hearing to determine
whether his absence was voluntary constituted an abuse of discretion and, as a result, he was
denied his constitutional and statutory right to be present at all phases of his trial. 

 Article 33.03 provides that a defendant prosecuted for a felony must be personally
present at the trial except that "when the defendant voluntarily absents himself after pleading
to the indictment or information, or after the jury has been selected when trial is before a
jury, the trial may proceed to its conclusion." Id. Eason relies on Moore v. State, 670
S.W.2d 259 (Tex. Crim. App. 1984), in support of his contention that unless the trial court's
determination that his absence was voluntary is supported by some facts, it was an abuse of
discretion to proceed with his trial without his presence. The defendant in Moore was
charged with rape and appeared with counsel in court. Moore, 670 S.W.2d at 260. After the
court ruled on preliminary motions, the defendant pleaded not guilty. Id. The court recessed
until nine a.m. the following morning. Id. The defendant, who was on bond, failed to appear
the next morning. Id. At ten a.m., the court announced its intention to proceed pursuant to
article 33.03. Id. Defense counsel objected and presented an oral motion for continuance
stating that the defendant suffered from heart problems and defense counsel's staff was
calling area hospitals in an attempt to locate him. Id. The court denied the motion for
continuance and ruled the trial should proceed. Id. The defendant did not appear for the rest
of the trial, and the jury found him guilty and assessed punishment. Id. Months later, the
defendant was extradited from Illinois and sentenced by the trial court. Id. The Court of
Criminal Appeals held that because the defendant had been in court the afternoon before, had
been advised when and where to appear the next morning, disappeared while out on bond,
and had not contacted the court nor defense counsel to explain his absence, the trial court
could have reasonably determined the defendant voluntarily absented himself. Id. at 261.
The Court of Criminal Appeals held the trial court did not abuse its discretion in denying the
motion for continuance and proceeding with the trial. Id.

 The facts here weigh even more heavily toward presuming Eason's absence was
voluntary. Eason was advised to appear a mere hour later, not the next day. Defense counsel
offered no information as to Eason's potential whereabouts. The Court of Criminal Appeals
in Moore stated that the validity of a trial court's decision that a defendant's absence was
voluntary is most often determined in hindsight. Id. The Moore Court also noted the
defendant failed to offer any evidence in his motion for new trial to indicate his absence was
not voluntary. Id. Here, Eason did not file a motion for new trial and concedes on appeal
his absence was voluntary. Eason failed to reappear after the court recessed because he fled
the State. He had to be extradited from another state for the trial court to formally sentence
him and arraign him on the new charge for fleeing Texas. The trial court did not abuse its
discretion in proceeding with the trial pursuant to article 33.03 despite Eason's absence. See
Tex. Code Crim. Proc. Ann. art. 33.03. Issue one is overruled. 

 Eason next contends the trial court improperly denied his request for an alibi charge. 
Eason had submitted a proposed jury charge submission pertaining to alibi. The trial court
denied the request and refused to include it in the charge. Eason objected, and the trial court
restated on the record its ruling refusing the request. 

 Eason concedes on appeal that a defendant is not entitled to an instruction on the
defensive issue of alibi because it constitutes no more than a negation of an essential element
of the State's burden of proof, and the Legislature has not made alibi a defense or an
affirmative defense. See Giesberg v. State, 984 S.W.2d 245, 246-47 (Tex. Crim. App. 1998).
Eason claims, however, that under the Supreme Court's decision in Holmes v. South
Carolina, 547 U.S. 319, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006), Giesberg's holding is
unconstitutional. We disagree.

 In Holmes, the defendant attempted to introduce evidence that another person had
committed the murder. 126 S.Ct. at 1730. The trial court excluded the evidence based on
a Supreme Court of South Carolina holding that evidence of third-party guilt was
inadmissible if the evidence only cast a bare suspicion or raised a conjectural inference of
another's guilt. Id. at 1731. The United States Supreme Court held that the South Carolina
Supreme Court's rule violated defendant's federal constitutional right to have a meaningful
opportunity to present a complete defense. Id. 126 S.Ct. at 1735.

 In this case, the trial court only refused Eason's requested alibi charge submission, not
Eason's alibi evidence. Eason was provided the opportunity to present a complete defense. 
Eason's cousin, aunt, and friend each testified that Eason was at another location the night
of the robbery and therefore, could not have committed the robbery. Therefore, Holmes does
not make the trial court's refusal to include Eason's alibi charge unconstitutional. Eason's
second issue is overruled.

 Eason maintains the trial court improperly admitted pen packets during the
punishment phase for two reasons: (1) the State never provided notice that the pen packets
would be tendered as self-authenticating and, (2) because the pen packets were not certified
by the director, the affidavit authenticating the pen packets was not timely filed in
compliance with Rule 902(10) of the Texas Rules of Evidence. See Tex. R. Evid. 902(10).

 During the punishment phase, the State offered into evidence two pen packets
pertaining to Eason's four prior felony convictions. Defense counsel objected, stating that
although he had been put on notice of the State's intention to introduce the pen packets, the
State neglected to give notice that it intended to introduce them without a witness to attest
to their reliability and truthfulness. Defense counsel argued the pen packets lacked
certification as government documents and constituted hearsay without proof of their
authenticity. The trial court overruled the objection based on the statement on the face of the
documents that they are self-authenticating for purposes of Texas Rules of Evidence 901 and
902. See Tex. R. Evid. 901, 902.

 Pen packets may be authenticated under Rule 902(4) via a certification by their
custodian that the contents are correct copies of the originals. Reed v. State, 811 S.W.2d 582,
586 (Tex. Crim. App. 1991) (en banc); Cuddy v. State, 107 S.W.3d 92, 96 (Tex. App.--Texarkana 2003, no pet.); see Tex. R. Evid. 902(4) (stating that a copy of an official record
may be self-authenticated through certification as to its accuracy by the custodian or other
person authorized to so certify). The affidavit attached to the two pen packets in the present
case included a certification by their custodian that the documents were "true and correct
copies of the original records now on file in my office maintained in the regular course of
business within the Bureau of Classification and Records of the Texas Department of
Criminal Justice-Correctional Institutions Division." The affidavit sufficiently authenticated
the pen packets under Rule 902(4). See Tex. R. Evid. 902(4).

 Defense counsel further objected that the pen packets were inadmissible because the
affidavit accompanying the pen packets was not on file at least fourteen days before trial as
required by Rule 902(10). See Tex. R. Evid. 902(10). However, the pen packets are
admissible pursuant to Rule 902(4), which does not contain a notice requirement. See Tex.
R. Evid. 902(4). Defense counsel conceded he received notice well in advance of trial that
the State intended to introduce the pen packets at trial. The trial court did not abuse its
discretion in admitting the pen packets under Rules 901 and 902. See Tex. R. Evid. 901,
902. Issue three is overruled.

 Having overruled all of Eason's issues, we affirm the trial court's judgment. 

 AFFIRMED.


 __________________________________

 CHARLES KREGER

 Justice


Submitted on October 10, 2006

Opinion Delivered April 18, 2007

Do not publish


Before McKeithen, C.J., Kreger and Horton, JJ.