# NO. 12-12-00410-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DUSTY DEAN,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

## *OPINION*

Dusty Dean appeals her conviction for making a false entry in a governmental record. After a jury found her guilty, the trial court sentenced her to 180 days in jail, suspended for six months, and a $1,000.00 fine, $750.00 of which was also suspended. Because the evidence is legally insufficient to support the conviction, we reverse and render a judgment of acquittal.

## BACKGROUND

Appellant prepared a federal tax return for Glen and Belinda Stanley for 2009 using TurboTax software. She was not compensated for preparing the return. However, the words "Self-Prepared" appear at the bottom of page two of the return on the line next to the words "Paid preparer's use only." A dispute arose regarding the Stanleys' tax refund, and Belinda Stanley reported it to the Cherokee County sheriff's office. After an investigation, Appellant was charged with theft. After further review, the charge was amended to allege that, pursuant to Penal Code Section 37.10, Appellant

> knowingly [made] a false entry in a governmental record, to wit: U.S. Individual Income Tax Return, form 1040A for 2009 for Glen W. Stanley and Belinda D. Stanley, said false entry being the words "Self-Prepared" indicating that said income tax return was prepared by Glen W. Stanley and/or Belinda D. Stanley.

Appellant filed a motion to dismiss and a motion for a directed verdict arguing that a federal income tax return is not included in the governmental records protected by Penal Code Section 37.10. The motion was denied and the case was tried before a jury, which found Appellant guilty. The day before the sentencing hearing, Appellant filed a motion for judgment of acquittal notwithstanding the verdict asserting, among other arguments, that Texas law does not permit prosecution of an individual for filing a fraudulent federal tax return. The trial court denied the motion. After a hearing, the trial court sentenced Appellant to 180 days in jail, suspended for six months, a $1,000.00 fine, $750.00 of which was suspended, and one hundred hours of community service, of which seventy-five hours were suspended. Appellant then filed a motion for new trial reiterating her previous arguments. The motion was overruled by operation of law.

## GOVERNMENTAL RECORD

In her first issue, Appellant asserts, in part, that Texas Penal Code Section 37.10(a)(1), the statute under which Appellant was charged, does not permit prosecution of an individual for filing a fraudulent federal tax return. We will treat this issue as a complaint that the trial court erred in denying Appellant's motion for acquittal, which is reviewed in the same manner as a legal sufficiency challenge. *See Cuddy v. State*, 107 S.W.3d 92, 94 (Tex. App.–Texarkana 2003, no pet.).

**Standard Review**

In assessing the legal sufficiency of the evidence, the reviewing court considers all of the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Threadgill v. State*, 146 S.W.3d 654, 663 (Tex. Crim. App. 2004). Whether the evidence satisfies the legal sufficiency test is a question of law. *Cuddy*, 107 S.W.3d at 95. A determination that the evidence is legally insufficient means that the case should never have been submitted to the jury, and the cause must be reversed and an acquittal ordered. *Id*.

**Applicable Law**

A person commits an offense if she knowingly makes a false entry in, or false alteration of, a governmental record. TEX. PENAL CODE ANN. § 37.10(a)(1) (West Supp. 2014). In Penal Code Chapter 37, "governmental record" means

(A) anything belonging to, received by, or kept by government for information, including a court record;
(B) anything required by law to be kept by others for information of government;
(C) a license, certificate, permit, seal, title, letter of patent, or similar document issued by government, by another state, or by the United States;
(D) a standard proof of motor vehicle liability insurance form . . . ;
(E) an official ballot or other election record; or
(F) the written documentation a mobile food unit is required to obtain . . . .

TEX. PENAL CODE ANN. § 37.01(2) (West Supp. 2014). The word "government," as used in the Texas Penal Code, means the state; a county, municipality, or political subdivision of the state; or any branch or agency of the state, a county, municipality, or political subdivision. TEX. PENAL CODE ANN. § 1.07(a)(24) (West Supp. 2014).

**Analysis**

The document that Appellant allegedly made the false entry in was a federal tax return. It was not a document promulgated by the state, a county, municipality, or political subdivision of the state, or any branch or agency of the state, a county, municipality, or political subdivision. Therefore, the document at issue does not fall within the definition of "government" or "governmental record" as used in Chapter 37. *See* TEX. PENAL CODE ANN. §§ 1.07(24); 37.01(2). Accordingly, the evidence is legally insufficient to prove that Appellant made a false entry in, or false alteration of, a governmental record as that term is defined by the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 37.10(a); *Montgomery v. State*, 571 S.W.2d 18, 20 (Tex. Crim. App. 1978), *overruled on other grounds*, *Ex parte Blume*, 618 S.W.2d 373, 376 (Tex. Crim. App. 1981). Therefore, the case should not have been given to the jury and the trial court erred in denying Appellant's motion for acquittal. *See Cuddy*, 107 S.W.3d at 95. We sustain Appellant's first issue to the extent she complains that Texas law does not permit prosecution of an individual for filing a fraudulent federal tax return. We need not address Appellant's remaining issues. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Having determined that the evidence is legally insufficient to support the conviction, we *reverse* the trial court's judgment and *render* a judgment of acquittal.

<u>**SAM GRIFFITH**</u>
Justice

Opinion delivered October 22, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 22, 2014**

**NO. 12-12-00410-CR**

**DUSTY DEAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law

of Cherokee County, Texas (Tr.Ct.No. 52766)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of the court that there was error in the judgment of the trial court below.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things reversed** and judgment of **acquittal** is **rendered**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*