

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00038-CR

PRISCILLA SANDERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Swisher County, Texas
Trial Court No. B-4475-12-12, Honorable Edward Lee Self, Presiding

March 18, 2015

## OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Priscilla Sanders, appeals her conviction for tampering with a governmental record,[1] with intent to defraud or harm another,[2] and resulting sentence of nine months' incarceration in a State Jail Facility, suspended for a period of nine months, and $500 fine. We will reverse.

---

[1] *See* TEX. PENAL CODE ANN. § 37.10(a)(5) (West Supp. 2014).

[2] *See id.* § 37.10(c)(1).

## Factual and Procedural Background

Appellant's nephew, Billy Cruz, has a child, N.G.C., with the child's mother, Alma Gutierrez. In September 2012, Cruz and Gutierrez were not married and were not cohabitating. In accordance with a 2008 order, Gutierrez was managing conservator of N.G.C. with the exclusive right to establish the child's residence without geographical restriction.

In September 2012, appellant's sister and the child's paternal grandmother, Christina Garza, became concerned about the manner in which Gutierrez was caring for N.G.C. As a result of this concern, Garza contacted appellant who had, mere months before, been elected Justice of the Peace of Swisher County, Texas. On September 24, appellant signed an incomplete Emergency Magistrate Order for Protection of N.G.C., and gave the document to Garza. Garza evidently provided a copy of the document to Cruz.

On September 25, Corporal George Brenes of the Amarillo Police Department was dispatched to investigate an alleged harassment. When Brenes arrived at the scene, he encountered Gutierrez, Cruz, and Garza. Either Cruz or Garza provided Brenes the Emergency Magistrate Order for Protection that had been acquired from appellant. In reliance upon this document, Brenes allowed Cruz to take custody of N.G.C.

On September 26, Gutierrez presented a copy of the 2008 custody order to the Tulia Police Department. On the basis of this order, N.G.C. was returned to Gutierrez.

After seeing this order and speaking with Gutierrez, an officer contacted the Swisher County Attorney about the event of the preceding days.

The Swisher County Attorney contacted the Texas Rangers about the events that had been reported to him. In the course of its investigation, Ranger Jaime Downs contacted appellant for an interview. During this interview, appellant stated that, while she knew what she had done was ill-advised, the order was never completed, executed, filed, or formally issued by her office.

Appellant was charged by indictment with the offense of making a governmental record with knowledge of its falsity and with the intent to defraud or harm another. After trial, appellant was found guilty of the indicted offense. Subsequently, appellant timely filed a motion for new trial, which was expressly overruled. Appellant then timely filed notice of appeal.

By her appeal, appellant presents four issues. By her first issue, appellant contends that the evidence is insufficient to support the jury's conviction of appellant for the offense of tampering with a governmental record. By her second issue, appellant contends that the evidence is insufficient to establish that appellant acted with the intent to defraud or harm another. By her third issue, appellant contends that the trial court abused its discretion by excluding evidence relevant to appellant's state of mind when she signed the order. By her fourth issue, appellant contends that the trial court erred in failing to conduct a *Batson* hearing despite appellant's *prima facie* showing of a *Batson* violation.

Sufficiency of the Evidence

Appellant's first issue contends that the State's evidence is insufficient to establish that she committed the offense of tampering with a governmental record as alleged in the indictment.

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by *Jackson.*" *Id.* When reviewing all of the evidence under the *Jackson* standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. *See id.* at 906–07 n.26 (discussing Judge Cochran's dissenting opinion in *Watson v. State*, 204 S.W.3d 404, 448–50 (Tex. Crim. App. 2006), as outlining the proper application of a single evidentiary standard of review). "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." *Id.* at 899. If a reviewing court determines that the evidence is insufficient to establish any element of the offense, it must reverse and render a judgment of acquittal. *Dean v. State*, 449 S.W.3d 267, 268

(Tex. App.—Tyler 2014, no pet.) (citing *Cuddy v. State*, 107 S.W.3d 92, 95 (Tex. App.—Texarkana 2003, no pet.)); *see Saldana v. State*, 418 S.W.3d 722, 726 (Tex. App.—Amarillo 2013, no pet.).

Appellant was charged with the offense of tampering with a governmental record under Texas Penal Code section 37.10(a)(5), which provides that, "[a] person commits an offense if he makes, presents, or uses a governmental record with knowledge of its falsity." TEX. PENAL CODE ANN. § 37.10(a)(5). The indictment also alleged that appellant committed the offense with the "intent . . . to defraud or harm another," which statutorily elevates the offense from a Class A misdemeanor to a state jail felony. *Id.* § 37.10(c)(1). Thus, in the present case, the State was required to prove that (1) appellant, (2) made, presented, or used, (3) a governmental record, (4) with knowledge of its falsity, and (5) with the intent to defraud or harm another. Appellant presents challenges to the evidence to support that the challenged document was a governmental record, she knew the document to be false, and she acted with specific intent to defraud or harm another. We will limit our analysis to the challenge that is dispositive of this appeal. *See* TEX. R. APP. P. 47.1.

Appellant challenges the sufficiency of the evidence to establish that she made a governmental record "with knowledge of its falsity." TEX. PENAL CODE ANN. § 37.10(a)(5). A person "acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist." *Id.* § 6.03(b) (West 2011). Under section 37.10(a)(5), the knowledge that is required is that the governmental record is

false.  Thus, to meet this element, the evidence had to establish that appellant knowingly made a governmental record that she knew to contain false information. [3]

In this case, there is no evidence that appellant signed the Magistrate's Order of Protection on another date than the date indicated.  The only other information contained within the document is consistent with information apparently provided by Cruz in what appears to be an application for the order.  Included within this information is an identification that N.G.C.'s residence was in Tulia, which would bring the matter within the jurisdiction of appellant's court.  No evidence was presented that appellant had any knowledge of the falsity of any of this information.  Finally, the order does not identify any "defendant" who had been arrested for family violence and was appearing before the magistrate for the first time following such an arrest.  As this is the sum and total of the information contained within the order, there is no evidence in this record reflecting that appellant knowingly made a governmental record that she knew to contain false information.  As such, we conclude that the evidence is insufficient to support appellant's conviction.  We sustain appellant's first issue.

## Conclusion

Having determined that there is no evidence to support an essential element of appellant's conviction for tampering with a governmental record, we reverse the trial

---

[3] The State argued, at trial, that the challenged document was false because appellant knew that it was not a valid order yet appellant intended it to be taken as a genuine governmental record.  Such a contention might establish a violation of section 37.10(a)(2), but it will not support a conviction under section 37.10(a)(5).  *See Thompson v. State*, 215 S.W.3d 557, 559 & n.2 (Tex. App.—Texarkana 2007, no pet.); *Mendoza v. State*, No. 05-05-00476-CR, 2006 Tex. App. LEXIS 5060, at *3 & n.1 (Tex. App.—Dallas June 14, 2006, no pet.) (mem. op.).

court's judgment and render judgment of acquittal. *See* TEX. R. APP. P. 43.2(c); *Dean*, 449 S.W.3d at 268.


Mackey K. Hancock<br>
Justice

Publish.