ACCEPTED
02-15-00115-CR
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
7/30/2015 5:44:30 PM
DEBRA SPISAK
CLERK

Oral argument not requested.

No. 02-15-00115-CR

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS

7/30/2015 5:44:30 PM

DEBRA SPISAK
Clerk

## IN THE COURT OF APPEALS
## FOR THE SECOND DISTRICT OF TEXAS
## FORT WORTH

SHIRLEY JEAN JOHNSON
*Appellant,*

V.

THE STATE OF TEXAS,
*Appellee.*

# Brief for Appellant

Jeff Springer
State Bar No. 18966750
SPRINGER & LYLE, LLP
1807 Westminster
Denton, TX  76205
940.387.0404 (ph)
940.383.7656 (fax)
jeff@springer-lyle.com

Attorney for Appellant

## Identity of Parties and Counsel

Shirley Jean (Bell) Johnson
3302 E 2120 Road                                    Appellant (Defendant below)
Hugo, OK 74743

Mr. Paul Belew
Tex. Bar No. 00794926
105 State Street                                    Attorney for Johnson below
P.O. Box 1026
Decatur, TX 76234

Mr. Jeff Springer, Esq.
Texas Bar No. 18966750
1807 Westminster                                    Attorney for Johnson on
Denton, TX  76205                                   appeal
940.387.0404 (ph.)
940.383.7656 (fax)

The State of Texas                                  Appellee (the State below)

Mr. Greg Lowery, Esq.
Texas Bar No. 00787926
Wise Co. Dist. Attorney
Mr. Jay Lapham, Esq.                                Attorney for the State
Texas Bar No. 00784448
Wise Co. Ass't Dist. Attorney
County Courthouse, Suite 200
Decatur, Texas 76234

# Table of Contents

Identity of Parties and Counsel ................................................................................................. 2

Table of Contents ...................................................................................................................... 3

Index of Authorities .................................................................................................................. 4

Statement of the Case ................................................................................................................ 5

Statement Regarding Oral Argument ........................................................................................ 5

Issues Presented ........................................................................................................................ 5

Issue Number One:
Was the evidence legally sufficient to prove the existence of
an agreement, which is an essential element of the offense? ..................................................... 5

Statement of Facts ..................................................................................................................... 5

Summary of the Argument ........................................................................................................ 7

Argument and Authorities ......................................................................................................... 7

Issue Number One (Restated):
Was the evidence legally sufficient to prove the existence of
an agreement, which is an essential element of the offense? ..................................................... 7

   (A)    Standard of Review ....................................................................................................... 8

     (1)    Elements of Conspiracy to Possess a Controlled Substance ....................................... 8

     (2)    Legal Sufficiency Standard of Review ...................................................................... 9

   (B)    The Evidence is Legally Insufficient ............................................................................. 9

     (1)    The text messages do not evidence an agreement. ..................................................... 10

     (2)    There was legally insufficient evidence of the substance and amount. ...................... 11

CONCLUSION ........................................................................................................................ 15

CERTIFICATE OF SERVICE ................................................................................................. 16

CERTIFICATE OF COMPLIANCE ........................................................................................ 17

# Index of Authorities

**Cases**

*Brooks v. State,* 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) ...............................9

*Brown v. State,* 576 S.W.2d 36, 42 (Tex. Cr. App.1979) .......................................14

*Dean v. State,* 449 S.W.3d 267, 268 (Tex. App.–Tyler 2014, no pet.) ....................9

*Graham v. State*, 201 S.W.3d 323, 327 (Tex. App.—Hous. [14th Dist.] 2006,
    pet. ref'd) ........................................................................................................8

*Hooper v. State*, 214 S.W.3d 9, 15-16 (Tex. Crim. App. 2007) .............................13

*Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781,
    61 L.Ed.2d 560 (1979)....................................................................................9

*McCann v. State,* 606 S.W.2d 897, 898 (Tex. Crim. App. 1980)...........................14

*Poindexter v. State,* 153 S.W.3d 402, 405 (Tex. Crim. App. 2005)........................8

*Saldana v. State,* 418 S.W.3d 722, 726 (Tex. App.–Amarillo 2013, no pet.). ..........9

*Solem v. Helm*, 463 U.S. 277, 284, 103 S. Ct. 3001, 3006,
    77 L. Ed. 2d 637 (1983)................................................................................15

*Williams v. State,* 646 S.W.2d 221, 222 (Tex. Crim. App.1983) ....................... 9, 14

*Woods v. State*, 801 S.W.2d 932, 943 (Tex. App.-- Austin 1990, pet. ref'd)..........14

**Statutes**

Tex. Health & Safety Code Ann. § 481.002(49) ......................................................8

Tex. Health & Safety Code Ann. § 481.115(a), (c). (West) .....................................8

Tex. Penal Code Ann. § 15.02 (West) ......................................................................9

## Statement of the Case

Shirley Johnson was indicted for conspiracy to possess methamphetamine on March 27, 2014. [CR 4]. On February 3, 2015, the trial court convened a jury trial and she was found guilty. [1 RR 1; 2 RR 2 RR 148; CR 9, 14]. Johnson elected to have the trial court assess punishment. [3 RR 1]. On March 19, 2015 the court sentenced her to a two-year state jail term, suspended during five years of community supervision. [3 RR 5; CR]. Johnson filed a notice of appeal on April 19, 2015. [CR 25].

## Statement Regarding Oral Argument

Appellant's issues for review have been fully briefed and summarized in this filing. For that reason, oral argument is not requested.

## Issues Presented

**Issue Number One: Was the evidence legally sufficient to prove the existence of an agreement, which is an essential element of the offense?**

## Statement of Facts

Sergeant Chad Lanier arrested a drug trafficker named "Josh Weber" in 2012 and confiscated his cell phone. [2 RR 8-84]. In the weeks that followed, he used the cell phone as a tool to investigate persons who called it. *Id.* at 86. On December 4, 2012, Weber's phone received a text message from (940) 393-6739 asking, "are you working?" *Id.* at 85-6. Sergeant Lanier testified that the phrase was understood in the drug trade to mean "are you selling drugs?" *Id.* at 89.

Over the course of the next day and a half, Lanier exchanged several text messages between Weber's phone and the 6739 number, culminating in an order for $100 worth of an unspecified substance. *Id.* Based on his understanding of street customs and the way Josh Weber did business, he understood the order to be for 1.25 grams of methamphetamine. [2 RR 90-91; 112-113].

Lanier arranged a roadside meeting with the person texting him from the 6739 number. When he arrived at the site of the meeting he found Shirley Johnson waiting in an automobile. *Id.* at 96-97, 99. Lanier found a Samsung phone with the 6739 number in the car with her. *Id.* He took her phone but no drugs were exchanged. *Id.* at 127.

Johnson was indicted almost two years later for conspiracy to possess a controlled substance, a state jail felony. [CR 4]. She was convicted after a one-day trial on February 3, 2015. [2 RR 1, 1-4]. The trial court sentenced her to two years community supervision on March 19, 2015. [CR 21-23]. Johnson gave notice of her intent to appeal on April 7, 2015. [CR 25].

## Summary of the Argument

Lanier testified that Johnson made an agreement with him via a series of text messages between Josh Weber's phone Johnson's Samsung phone. None of the text messages admitted identify a substance. The text messages from Johnson's Samsung phone do not confirm a price or an amount to be purchased. Lanier attempted to confirm the agreement by texting "u want 1.5g for $100." Johnson, however, did not respond. As a result there was direct evidence of an agreement.

Lanier tried to bridge the gap through his knowledge of Weber's business practices and his knowledge of "street talk." However, no evidence was admitted to prove that Johnson had any knowledge of Weber's business practice or understood street terms the same way Lanier did. Because insufficient facts were offered to support the inferences, the jury could not infer that Johnson understood the substance or the amount to be purchased. The evidence was therefore legally insufficient to support her conviction.

## Argument and Authorities

**Issue Number One (Restated): Was the evidence legally sufficient to prove the existence of an agreement, which is an essential element of the offense?**

Sergeant Lanier was the State's only witness. He testified that in the early morning hours of February 4, 2012, he received a text message that he later learned came from the Samsung phone found in Johnson's car. [2 RR 86]. Between that

time and the meeting with Johnson on February 5, he said several text messages were exchanged, during which an agreement was made for him to sell 1.5 grams of methamphetamine to Johnson for $100. [2 RR 90-91]. According to his testimony the agreement was made through the exchange of text messages. *Id.*

**(A) Standard of Review**

**(1) Elements of Conspiracy to Possess a Controlled Substance**

Possession of more than one gram of methamphetamine "by aggregate weight, including adulterants or dilutants," is a felony. Tex. Health & Safety Code Ann. § 481.115(a), (c). (West). "Possession" means (1) exercise of actual care, custody, control, or management over the substance and (2) knowledge that the substance is contraband. *See Poindexter v. State,* 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). An adulterant or dilutant is "any material that increases the bulk or quantity of a controlled substance, regardless of its effect on the chemical activity of the controlled substance." Tex. Health & Safety Code Ann. § 481.002(49); *Graham v. State*, 201 S.W.3d 323, 327 (Tex. App.—Hous. [14th Dist.] 2006, pet. ref'd).

To convict Johnson of criminal conspiracy to possess more than one gram of methamphetamine, the State was required to prove that she agreed with Lanier to possess more than a gram of methamphetamine and that she performed an overt act in pursuance of that agreement. *Williams v. State,* 646 S.W.2d 221, 222 (Tex. Crim. App.1983); Tex. Penal Code Ann. § 15.02 (West).

### (2) Legal Sufficiency Standard of Review

In assessing the sufficiency of the evidence, this Court reviews all the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Brooks v. State,* 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." *Brooks,* 323 S.W.3d at 917 (Cochran, J., concurring).

When reviewing all of the evidence under the *Jackson* standard of review, the ultimate question is whether the jury's finding of guilt was rational. *Id.* at 906–07 n.26. If the Court determines the evidence insufficient to establish *any* element of the offense, it must reverse and render a judgment of acquittal. *Dean v. State,* 449 S.W.3d 267, 268 (Tex. App.–Tyler 2014, no pet.) (*citing Cuddy v. State,* 107 S.W.3d 92, 95 (Tex. App.–Texarkana 2003, no pet.)); *see Saldana v. State,* 418 S.W.3d 722, 726 (Tex. App.–Amarillo 2013, no pet.).

### (B) The Evidence is Legally Insufficient

To prove the existence of an agreement, the State offered the testimony of Sergeant Lanier and photographs of some of the text messages he exchanged with

the Samsung phone.  Lanier did not have Josh Weber's cell phone when Johnson's jury trial convened in February of 2015, more than two years after the texts were exchanged.[1] As a result, no texts received on that phone were offered.

Not all of the messages on the Samsung phone had been saved. Lanier testified that the outbox in the phone was full, and that some of the outgoing texts were not there when he photographed the phone. [2 RR 112]. This left a handful of messages, most of which Lanier sent from Josh Weber's phone.

**(1)    The text messages do not evidence an agreement.**

Thirteen messages from the Samsung were photographed. [4 RR Exhs. 2 & 3].  Three of those ask "are you working?" which Lanier said was common in the drug trade for "are you selling drugs?" [2 RR 89]. The remaining messages involve arranging the time and place for a meeting.

Not a single message admitted identifies the substance requested.

Among the messages admitted Lanier sent two from Weber's phone in an attempt to confirm specifics of the agreement.

One asked, "how much?"  *See* [4 RR Exh. 2]. The other was reads, "Text me when u get there u want 1.5g for 100." *See* [4 RR Exh. 3]. There was no reply to either message.

---

[1] He testified that the phone was sent with Weber to Tarrant County, where he faced additional charges. [2 RR 102].

**(2)** **There was legally insufficient evidence of the substance and amount.**

In order to prove the elements of the offense, the prosecution was required to prove not only that Johnson had agreed to purchase methamphetamine, but that she also agreed to purchase more than a gram. Since none of the text messages from the Samsung specified a particular substance or amount, the State attempted to prove the agreement through inferences concerning Johnson's intent.

Sergeant Lanier discussed his basis for believing that the text exchange amounted to an agreement to purchase 1.5 grams of methamphetamine. First, he explained that he knew Weber to traffic in methamphetamines. [2RR 83-84]. He then he professed knowledge of Weber's business practices:

> Q. All right. All right. And how much was the request?
>
> A. 1.5 -- well, it was $100 worth of drugs, which in-- it's in -- in the drug world would be anywhere from 1.25 grams to 1.5 grams of methamphetamines.
>
> Q. All right. Were you familiar with the way Josh sold his drugs?
>
> A. Yes, sir, I was.
>
> Q. Okay. And how did he sell his drugs? If you -- if you were going to pay for $100 worth of methamphetamine, what were you going to get?
>
> A. 1.5 grams --
>
> Q. All right. And --
>
> A. -- counted in the bag. That's how much you'd get.
>
> Q. And so how much would -- would pertain -- or how much would allow for the -- for the bag?
>
> A. That particular bag would be .25 grams.
>
> Q. So the total weight, including the bag, would be 1.5 grams?

```
A. Yes.

Q. And 1.25 grams of -- of product or methamphetamine?

A. That is correct, sir.

Q. And I -- I guess you are familiar with the fact
that this -- methamphetamine a controlled substance?

A. Yes, sir, it is.
```

[2 RR 90-91]. Later, he added that he could infer the substance and amount from his understanding of "street terms:"

```
Q. Do you -- do you recall who the first person was
that brought up the 1.5 grams? Would that have been
you or would that have been her?

A. Well, the -- the message was she wanted $100 worth.

Q. All right.

A. And in street terms, that's -- that's what it
represents.

Q. Now, with regards to grams, it doesn't say
methamphetamine in -- in -- in your text message,
correct?

A. No, sir, it does not.

Q. And at any point do you know -- did -- did she ask
you specifically for methamphetamine?

A. No. That's a word cops use. That's not a word the
bad guys use.

Q. All right. So fair to say it was an understood
amount -- quantity -- excuse me -- an understanding
with regards to the -- the type of drug?

A. Yes, sir.
```

[2 RR 112-13]. This testimony was probably sufficient to prove that Lanier had an understanding of an agreement. It constitutes no evidence that Johnson understood the agreement.

Juries are permitted to draw multiple reasonable inferences, but each inference must be supported by the evidence. *Hooper v. State*, 214 S.W.3d 9, 15-16 (Tex. Crim. App. 2007). Juries are not permitted to come to conclusions based on mere speculation. *Id.* They also cannot make inferences that are factually unsupported or based on presumption. *Id.*

> [A]n inference is a conclusion reached by considering other facts and deducing a logical consequence from them. Speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented. A conclusion reached by speculation may not be completely unreasonable, but it is not sufficiently based on facts or evidence to support a finding beyond a reasonable doubt.

*Id*. There were no facts admitted during the trial that would allow the jury to conclude that Shirley Johnson understood the communications between the Samsung and Weber's cell phone to constitute an agreement to purchase 1.5 grams of methamphetamine.

In order for the jury to infer that Johnson was aware of the terms of the agreement, the prosecution would have been required to fill the gap between Lanier's knowledge and Johnson's. To do this, it needed to introduce facts proving that, like Lanier, Johnson knew Josh Weber's method of selling drugs, or that she understood "street terms." No evidence was offered to prove either. In fact, the only evidence of Johnson's experience with the drug trade was the fact that she had never been convicted of anything. [2 RR 124, 130].

The State was not required to prove all elements of a completed offense. *McCann,* 606 S.W.2d at 898; *Brown v. State,* 576 S.W.2d 36, 42 (Tex. Cr. App.1979); *Woods v. State,* 801 S.W.2d 932, 943 (Tex. App.-- Austin 1990, pet. ref'd). However, the State was required to prove an ***agreement*** to commit the exact offense alleged:

> Thus, one of the essential elements that must be proven is an agreement between the co-conspirators to commit the offense. The corpus delicti of conspiracy must contain a showing of *agreement* to commit a crime. *Brown v. State,* 576 S.W.2d 36 (Tex.Cr.App.1979) (on rehearing). Black's Law Dictionary defines agreement as follows:
>
> > "A coming or knitting together of minds; ... the coming together in accord of two minds on a given proposition; ... a mutual assent to do a thing...."
>
> If an indictment alleges a conspiracy between only two individuals, but the evidence at trial shows that there was no actual, positive agreement to commit a crime, then the evidence is insufficient to support a conviction for conspiracy.

*Williams v. State,* 646 S.W.2d 221, 222 (Tex. Crim. App. 1983).

In this case, the evidence was sufficient for the jury to infer that Sergeant Lanier intended to sell 1.5 grams of methamphetamine. The evidence fell short of proving that Johnson understood that to be the agreement. For that reason, the evidence was legally insufficient to support her conviction.

## CONCLUSION

For the reasons explained above, Johnson requests the Court to determine that her conviction is based on legally insufficient evidence, reverse and render judgment of acquittal. Johnson also requests general relief.

Respectfully submitted,

/s/ J. Jeffrey Springer
J. Jeffrey Springer
Texas Bar No. 18966750
SPRINGER & LYLE, LLP
1807 Westminster
Denton, Texas 76205
Tel: (940) 387-0404
jeff@springer-lyle.com

## CERTIFICATE OF SERVICE

I certify that on July 30, 2015, I caused to be served the foregoing instrument on the following counsel of record via the Court's electronic case filing system pursuant to Tex. R. App. P. 9.5:

Mr. Greg Preston Lowery, Esq.
Wise County District Attorney
101 North Trinity, Suite 200
Decatur, Texas 76234

/s/ J. Jeffrey Springer
J. Jeffrey Springer

# CERTIFICATE OF COMPLIANCE

In compliance with Tex. R. App. P. 9.4(i), I certify that this document contains 3,678 words. This document was created in Microsoft Word. The body is in conventional 14 point text, and the footnotes are in conventional 12 point text. I have relied on the Microsoft Word software and word-count generated by the software in making this certificate.

/s/ J. Jeffrey Springer
J. Jeffrey Springer