

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00091-CR

ROBERT SALDANA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 66,106-D, Honorable Don R. Emerson, Presiding

December 6, 2013

## OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Robert Saldana, appeals his conviction for unlawful possession of a firearm and enhanced sentence of twelve years' imprisonment. Through a single issue he argues the evidence was insufficient to support his conviction. Finding the State did not prove an element of the offense as charged, we will reverse the judgment of the trial court and render judgment of acquittal.

Background

On April 30, 2007, appellant pled guilty to the state jail felony offense of theft of a firearm and was that day sentenced to confinement in a state jail facility for two years.

According to the April 30 judgment, appellant received time credit for "In 10-1-06 Out 10-2-06; In 10-22-06 to present date."

During a routine traffic stop on September 19, 2012, appellant was found in possession of a .380 pistol. He was arrested, and later indicted by an instrument charging him with an offense under Penal Code section 46.04(a)(1).[1] In relevant part the indictment alleged:

> [O]n or about the 19th day of September, 2012, and before the presentment of this indictment, in Potter County, Texas, [appellant] did then and there having been convicted of the felony offense of Theft of a Firearm, on Aprill (sic), 30, 2007 . . . intentionally or knowingly possess a firearm before the fifth anniversary of the [appellant's] release from confinement following conviction of that felony.

At trial a copy of the 2007 judgment convicting appellant of theft of a firearm was admitted. No evidence was admitted of his release date from confinement.

The jury charge contained an abstract instruction quoting section 46.04(a)(1) and (2), but the application paragraph properly limited the jury's consideration to the charge as alleged in the indictment.[2]

In closing argument the prosecutor told the jury:

---

[1] Under Penal Code section 46.04(a), the offense of unlawful possession of a firearm is committed when a person having a prior felony conviction possesses a firearm (1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or (2) after the period described by subdivision one, at any location other than the premises at which the person lives. Tex. Penal Code Ann. § 46.04(a) (West 2011).

[2] *See Crenshaw v. State,* 378 S.W.3d 460, 466 (Tex. Crim. App. 2012) ("It is the application paragraph of the charge, not the abstract portion, that authorizes a conviction") (citations omitted).

You've got the evidence, and I don't think it's really being disputed that the defendant is a convicted felon. We've got the judgment right here that you can take back there and look at.

He was sentenced to two years in a state jail facility on April 30th of 2007. He was given some credit, and when you do the math, what you find out is, he would have gotten out in about October of 2008. Five years after that would have been 2013. So he's also within his five years.

Not to mention he can't possess a gun anywhere. Even after five years, he's got to have it at his house. He can't have a gun away from the premises of his house.

The jury returned a guilty verdict. Appellant plead true to two enhancement paragraphs and the court assessed punishment at imprisonment for twelve years.

Analysis

Through a single issue, appellant argues the evidence was legally insufficient to sustain his conviction for the charged offense. Appellant's specific complaint is the State did not prove the actual date of his release from the confinement resulting from his 2007 conviction for theft of a firearm. Hence it was impossible for the jury to determine whether his possession of a firearm occurred within the five-year period to which section 46.04(a)(1) refers.

When reviewing the sufficiency of the evidence we view all of the evidence in the light most favorable to the court's judgment to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Brooks v. State,* 323 S.W.3d 893 (Tex. Crim. App. 2010) (plurality op.); *see Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Clayton v. State,* 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). The essential elements of the crime are those defined by the hypothetically correct jury charge. *Geick v. State,* 349 S.W.3d 542, 545 (Tex. Crim. App. 2011) (citing *Malik v. State,* 953 S.W.2d 234, 240 (Tex. Crim. App.

1997)).  We thus measure the sufficiency of the evidence by the essential elements as defined by the hypothetically correct charge.  *Cada v. State,* 334 S.W.3d 766, 773 (Tex. Crim. App. 2011).  A hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried."  *Malik,* 953 S.W.2d at 240. "[B]efore something may be an element of the offense in the hypothetically correct jury charge, it must be 'authorized by the indictment.'"  *Cada,* 334 S.W.3d at 773 (footnotes omitted).  "Thus, if the State pleads one specific element from a penal offense that contains alternatives for that element, the sufficiency of the evidence is measured by the element that was actually pleaded, not any other statutory alternative element." *Cada,* 334 S.W.3d at 774; *see Rojas v. State,* 986 S.W.2d 241, 246 (Tex. Crim. App. 1998) (citing *Montoya v. State,* 906 S.W.2d 528, 529 (Tex. Crim. App. 1995) ("When an indictment facially alleges a complete offense, the State is bound by the theory alleged in the indictment, as is the reviewing court in its sufficiency analysis")).  Among the cases the Court of Criminal Appeals cited in *Cada,* 334 S.W.3d at 774, n.36, is *Macias v. State,* 136 S.W.3d 702, 705-06 (Tex. App.—Texarkana 2004, no pet.), which the court cited with the parenthetical explanation "fatal variance existed between indictment and proof on charge of unlawful possession of a firearm by a felon; indictment tracked language only of first subsection of statute, which concerned possessing firearm within five years of release from confinement, not second subsection, concerning possessing firearm at location other than residence, and evidence did not show that defendant's possession of pistol was within five years after his release from probation; evidence insufficient to support conviction."

4

The State contends that subdivisions (1) and (2) of section 46.04(a) do not set out alternative means of establishing an element of the offense of unlawful possession of a firearm. In its view, therefore, the hypothetically correct jury charge against which we measure the sufficiency of evidence does not require proof appellant was within five years of his release from confinement when he possessed the firearm in September 2012. The State says it was sufficient for it to show appellant possessed the firearm away from the premises at which he then lived. As the State puts it, section 46.04(a)(2) "should be construed as subsuming" section 46.04(a)(1). The Texarkana court of appeals adopted a view of the statute like that the State urges, in *Nguyen v. State,* 54 S.W.3d 49 (Tex. App.—Texarkana 2001, pet. refused).

In *Nguyen* the defendant was convicted of a felony on April 30, 1993, and placed on three years' community supervision. The term was scheduled to end on April 29, 1996, a date less than five years before the alleged firearm offense of January 6, 1999. 54 S.W.3d at 55. The indictment alleged Nguyen, "[I]ntentionally or knowingly, possessed a firearm, after being convicted of a felony offense on April 30, 1993, and before the fifth anniversary of his release from community supervision." *Id.* at 56.

Nguyen argued the evidence was insufficient to prove he possessed a firearm before the fifth anniversary of his release from community supervision. 54 S.W.3d at 55. The court framed the issue as, "having alleged that Nguyen was in possession of a firearm before the fifth anniversary of his release from supervision, was the State required to prove that fact?" *Id.* at 56. Concluding this was not the State's burden, the court explained the statute prohibits felons from possessing a firearm. Hence, the date of Nguyen's release from community supervision was irrelevant absent an allegation

5

that he possessed a firearm at the premises where he lived. *Id.* A jury charge requiring the State to prove the date of Nguyen's release from community supervision, the court reasoned, would not accurately set out the law or adequately describe the particular offense, and would unnecessarily increase the State's burden of proof. *Id.*

As the State candidly acknowledges, however, following issuance of the Court of Criminal Appeals' opinion in *Cada*, 334 S.W.3d 766, the Texarkana court later disapproved the reasoning it expressed in *Nguyen*. *See Fagan v. State.* 362 S.W3d 796 (Tex. App.—Texarkana 2012, pet. refused).

In *Fagan*, as in our present case, the defendant was charged only under section 46.04(a)(1). *Id.* at 800. On appeal he argued there was no evidence of the date of his release from confinement or supervision for a prior felony conviction. The court summed up the State's response as asserting the conviction should stand because its proof met the requirement of subsection (a)(2). *Id.* at 799-800.

The State's proof in *Fagan* included a judgment showing the defendant was convicted of burglary of a habitation on October 28, 2004. *Id.* at 800-01. He received a four-year sentence for the offense, with 238 days of jail time credited. The firearm offense occurred on August 7, 2010. *Id.* The appellate court found that because the firearm offense occurred more than five years from Fagan's felony conviction, it was necessary for the State to prove the date of his release from confinement or supervision. *Id.* at 800.[3] Because the State had failed to do so, the court found the

---

[3] The court distinguished Fagan's situation from those in which a defendant is found in possession of a firearm within five years of a felony conviction. Citing and quoting *Tapps v. State,* 257 S.W.3d 438, 445 (Tex. App.—Austin 2008) (op. on reh'g), *aff'd,* 294 S.W.3d 175 (Tex. Crim. App. 2009), the court referred to the five-year period

6

evidence insufficient to support his conviction for unlawful possession of a firearm, as alleged in the indictment. *Id.* at 801.

The court overruled its prior *Nguyen* opinion to the extent it conflicted with its holding in *Fagan.* 362 S.W.3d at 800, n.1. Citing *Cada,* 334 S.W.3d at 774 & n.36, it explained the Court of Criminal Appeals has made clear that "when the State pleads one specific element that contains alternatives for that element, the sufficiency of the evidence is measured by the element that was actually pled, not any other statutory alternative element." *Id.* In a similar case, the Dallas court of appeals has adopted the same analysis. *Hall v. State,* Nos. 05-10-00084-CR, 05-10-00085-CR, 05-10-00086-CR, 05-10-00087-CR, 2012 Tex. App. LEXIS 6479, at *9 (Tex. App.—Dallas Aug. 7, 2012, pet. refused) (not designated for publication).

We agree with our sister courts and find that under the analysis in *Cada*, 334 S.W.3d at 774 and n.36, the hypothetically correct jury charge in this case would obligate the State to prove that appellant was previously convicted of a felony offense and possessed a firearm after the conviction and before the fifth anniversary of his release from confinement. *See* Tex. Penal Code Ann. § 46.04(a)(1) (West 2011). That is the statutory alternative with which he was indicted.

As noted, the State's evidence included a certified copy of the judgment showing appellant's April 30, 2007 felony conviction, and the resulting two-year state jail sentence. Evidence showed he was arrested in possession of a firearm on September 19, 2012, some five years and five months after his felony conviction. But the 2007

following conviction as "the minimum period that a felon will be prohibited from possessing a firearm." 362 S.W.3d at 800. Like Fagan, at the time appellant here was found in possession of the firearm, he was outside the "minimum period."

judgment provided no evidence of the date appellant was released from confinement after the conviction. Nor does the record contain any other evidence of the date of his release. The prosecutor's invitation to "do the math" and infer the date of appellant's release from confinement from the date of the 2007 conviction, the length of sentence, and jail credit offered the jury an unworkable formula requiring surmise and speculation. *See Hooper v. State*, 214 S.W.3d 9, 16 (Tex. Crim. App. 2007) (conclusion based on speculation not sufficiently based on facts or evidence to support a finding beyond reasonable doubt).

Because the State failed to produce evidence from which a rational jury could determine beyond reasonable doubt that appellant possessed the firearm within five years of his release from confinement, it failed to prove an element of its case. We sustain appellant's issue.

## Conclusion

Having found insufficient evidence to convict appellant of the charged offense, we reverse the judgment of the trial court and render judgment of acquittal.


James T. Campbell
Justice


Publish.