
FILED
*March 11, 2015*
Third Court of Appeals
Jeffrey D. Kyle
Clerk

ACCEPTED
03-14-00673-CR
4142604
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/13/2015 11:33:02 AM
JEFFREY D. KYLE
CLERK

No. 03-14-00673-CR

IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT OF
TEXAS AT AUSTIN, TEXAS

\*\*\*\*\*\*\*\*

# CHRISTOPHER ANTHONY GEORGE

## VS.

# THE STATE OF TEXAS
\*\*\*\*\*\*\*\*

ON APPEAL FROM THE 264th DISTRICT COURT
OF BELL COUNTY, TEXAS
Cause No. 72,519

\*\*\*\*\*\*

# STATE'S BRIEF
\*\*\*\*\*\*

HENRY GARZA
DISTRICT ATTORNEY

BOB D. ODOM
ASSISTANT DISTRICT ATTORNEY
P.O. Box 540
Belton, Tx 76513
(254) 933-5215
FAX (254) 933-5704
DistrictAttorney@co.bell.tx.us
SBA No. 15200000

***Oral Argument Not Requested***

# TABLE OF CONTENTS

**ITEM**                                                                **PAGE**

Index of Authorities ……………………………………………………………………  3

Statement Regarding Oral Argument ………………………………………………  4

Statement of the Case ……………………………………………………………  4

Statement of Facts …………………………………………………………………  5

Summary of State's Argument …………………………………………………  7

Argument and Authorities …………………………………………………………  7

      Issue on Appeal ………………………………………………………………………  7
               SUFFICIENT EVIDENCE TO PROVE APPELLANT
               IN POSSESSION OF FIREARM BEFORE 5TH
               ANNIVERSARY OF RELEASE FROM
               INCARCERATION OR PAROLE?

      Standard of Review ……………………………………………………………  7

      Application and Analysis ……………………………………………………  8

Prayer ……………………………………………………………………………  13

Certificate of Compliance with Rule 9 …………………………………………  14

Certificate of Service ……………………………………………………………  14

# INDEX OF AUTHORITIES

**CASES**                                                                                  **PAGE**

*Brooks v. State*, 323 S.W. 3d 893 (Tx. Cr. App. 2011) …………………..    7

*Clayton v. State*, 235 S.W.3d 772 (Tx. Cr. App. 2007) …………………    8

*Fagan v. State*, 362 S.W.3d 796  …………………………………………………    11
  (Tx. App. Texarkana 6th Dist. 2012 no pet.)

*Gill v. State*, 57 S.W.3d 540  ……………………………………………………    10
  (Tx. App. Waco 10th Dist. 2001 no pet.)

*Saldana v. State*, 418 S.W.3d 722 …………………………………………………    11
  (Tx. App. Amarillo 7th Dist. 2013 no pet.)

*Tawater v. State*, No. 06-14-00075-CR, …………………………………………    12
  2014 Tex. App. LEXIS 13176, (Tx. App. Texarkana
  6th Dist. 2014 no pet.), not designated for publication.


**OTHER**

*Texas Penal Code*

  Section 46.04(a)(1) ……………………………………………………………    8

# STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument.

# STATEMENT OF THE CASE

The Appellant, Christopher Anthony George, was charged by indictment with the offense of Unlawful Possession of a Firearm by a Felon. (CR-5). He was tried before a jury upon his plea of "not guilty" (RR6-6).

The Appellant was found guilty by the jury (CR-52; RR7-94). The Appellant then entered a plea of true to the allegations in the second paragraph of the indictment alleging another prior felony conviction for the offense of Burglary of a Habitation for the purpose of enhancement. (CR-5; RR7-95).

The trial court considered the issue as to punishment, without a jury. The court sentenced the Appellant to 18 years in the Texas Department of Corrections Institutional Division. (CR-53; RR8-11).

The Appellant gave timely notice of appeal (CR-58) and the trial court certified his right to do so. (CR-47).

## STATEMENT OF FACTS

On appeal the Appellant raises a single issue as to the sufficiency of the evidence to prove that he was found in possession of the firearm within 5 years of the date of his release from confinement or parole following his felony conviction. For that reason the State would offer only a very brief summary of the evidence as to the possession of the firearm.

On February 10, 2014, the Appellant was arrested by the police alone in a vehicle that was stopped moments after shots had been fired at a home from that vehicle. (RR6-27-33, 46). He had no valid driver's license. (RR6-53). The officer observed the Appellant partially open the driver's door and make furtive movements under the seat. (RR6-46, 47).

The officer observed a spent shell casing on the driver's side front floorboard of the car. (RR6-51). As the officer was patting him down, the Appellant told him that he could not have a weapon because he was on parole. (RR6-51). The officer did not locate a firearm in the vehicle. (RR6-52). The Appellant was arrested and his car was impounded. (RR6-53, 54).

5

Subsequently a loaded magazine (RR6-88, 89) and a .40 caliber handgun were found in the vehicle by the tow truck operator. (RR6-90). Bullet fragments found at the house that had been fired at were consistent with a .40 caliber bullet and the shell casing found in the car had been fired by the weapon that was recovered. (RR6-0, 21, 25).

The indictment alleged that the Appellant had possessed the firearm before the fifth anniversary of his release from confinement or parole with respect to his conviction on January 29, 2009 for the offense of Robbery in Cause No. 63,584 in the 264th District Court of Bell County, Texas. (CR-5). In order to prove this allegation the State offered a certified copy of the Judgment of Conviction in Cause No. 63,584 for the offense of Robbery entered on January 29, 2010 and wherein the Appellant was sentenced to three years in prison as State's Exhibit 1. (RR8). After testimony by fingerprint expert Karl Ortiz that the fingerprints taken in that conviction were those of the Appellant, the exhibit was admitted without objection. (RR6-24, 24).

Also admitted without objection (RR6-24) was State's Exhibit 2, a certified copy of records showing that the Appellant was transferred to the Texas Department of Corrections in Cause Number 63,584 on February 18, 2009. (CR8).

# SUMMARY OF STATE'S ARGUMENT

The evidence was sufficient to prove beyond a reasonable doubt that the Appellant possessed the firearm before the fifth anniversary of his release from incarceration or from parole as alleged in the indictment in that it clearly showed that he was incarcerated in the State prison for that offense less than five years from the date of the offense and he admitted that he was on parole and could not possess a firearm when he was arrested.

# ARGUMENT AND AUTHORITIES

## First Issue on Appeal

Was the evidence sufficient to prove beyond a reasonable doubt that the Appellant possessed the firearm before the fifth anniversary of his conviction or parole as alleged in the indictment?

### Standard of Review

In reviewing the sufficiency of the evidence the court must consider all of the evidence in the light most favorable to the verdict and determine whether, based upon all the evidence and reasonable inferences therefrom, a rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323

S.W.3d 893, 912 (Tx.Cr.App. 2011); *Clayton v. State*, 235 S.W.3d 772, 778 (Tx.Cr.App. 2007).

### *Application and Analysis*

A person who has been convicted of a felony commits an offense if he possesses a firearm after conviction and before the fifth anniversary of the person's release from confinement following conviction for a felony or the person's release from supervision under community supervision, parole or mandatory supervision. Section 46.04(a)(1), *Texas Penal Code*. The indictment in this case charged that the Appellant possessed a firearm before the fifth anniversary of his release from confinement or parole for his conviction for robbery in Cause No. 63,584 in the 264th District Court of Bell County, Texas. That conviction occurred on January 29, 2009. (CR-5).

The Appellant does not contest the sufficiency of the evidence to prove that he was in possession of a firearm nor that he was convicted of the felony alleged in the indictment. Instead, he claims that the evidence was insufficient to prove that he possessed the firearm before the fifth anniversary or his release from confinement or parole. The evidence, however, clearly is sufficient to do so. It consists of the following:

- The Appellant was convicted of the felony offense of robbery on January 29, 2009 and sentenced to serve three years in the penitentiary.

- He was transferred to prison to serve his sentence in that case on February 18, 2009 and was incarcerated on that date. (State's Exhibit 2 CR8).

- He was arrested in possession of the firearm on February 10, 2014, eight days short of five years after the date his incarceration in the penitentiary began.

- When he was questioned about the firearm on February 10, 2014, the Appellant stated that he could not have a firearm because he was on parole.

The Appellant was arrested for possession of a firearm 5 years and 11 days after the date of his *conviction*. The statute requires, however that he be found in possession of the firearm within 5 years of his *release from confinement or parole.*

While the Appellant is correct that the State did not prove the exact date of his release from confinement or parole, it did, however, prove that his confinement in the penitentiary *began* on February 18, 2009. Therefore he could not have been released from confinement by

9

that time. Even in the very unlikely event that he was released the same day he arrived, he was still incarcerated within the 5 year period from that day when he was arrested for felon in possession of a firearm on February 10, 2014, or 8 days short of the expiration of that 5 year period. Moreover, he readily told the officer that he was on parole when he was arrested.

In *Gill v. State*, 57 S.W.3d 540 (Tx. App. Waco 10th Dist. no pet.), the defendant challenged the sufficiency of the evidence to prove that he possessed the firearm within the 5 year period after his release from confinement. The Court of Appeals noted that documentary evidence had been admitted showing the date in which he was received into custody at the Texas Department of Criminal Justice and affirmed the judgment of conviction because he committed the offense less than 5 years after he went to prison and thus, "...he necessarily committed it within 5 years after he was released from prison". The Court observed that, although it would have been useful to have proven the release date, it was not necessary under the circumstances. *Gill* at 546.

*Gill* is precisely in point. Because the Appellant was received in prison less than 5 years before he was arrested for possession of a firearm he necessarily committed that offense within 5 years after his

release from prison. In this case the Appellant was arrested for possession of the firearm 8 days short of the fifth anniversary of his *confinement* in the penitentiary.

The Appellant's reliance on *Fagan v. State*, 362 S.W.3d 796 (Tx. App. Texarkana 6th Dist. 2012, rev. ref.) is misplaced because in that case the defendant was convicted on October 28, 2004 and given a four year sentence with 238 days credit and the offense occurred more than 5 years later. Thus it was possible that the defendant could have been released from confinement or parole after the expiration of the 5 year period. *Fagan* at 800. Unlike this case, there was no evidence showing that the defendant was still incarcerated and had not been released at a time less than 5 years afterwards.

Likewise in *Saldana v. State*, 418 S.W.3d 722, 726 (Tx. App. Amarillo 7th Dist. 2013 no pet.), there was no evidence as to the date of release from confinement but only as to the date of the conviction and the date of the felon in possession offense 5 years and 5 months later. The Court observed that there was no other evidence in the record to establish the date of release and that merely asking the jury to "do the math" based on that evidence was not sufficient. In the present case, however, there was other evidence that showed that the Appellant had

11

not been released from confinement more than 5 years before his arrest for felon in possession of a firearm. He was still incarcerated, having just been transferred to prison less than 5 years before that arrest.

The Appellant also said that he was on parole at the time of this arrest. In Tawater *v. State*, No. 06-14-00075-CR, 2014 Tex. App. LEXIS 13176 (Tx. App. Texarkana 6th Dist. 2014, no pet.), not designated for publication, the evidence was held sufficient to support a conviction for felon in possession of a firearm where the judgment of conviction was introduced into evidence and the evidence showed that the defendant had told the investigating officer that he was a felon. The only difference here is that the Appellant clearly said he was on parole and could not possess a firearm when he was arrested with the firearm rather than simply that he was a felon.

The Appellant counters that he might have been on parole for some offense other than that alleged in the indictment, however, that admission when coupled with all of the other evidence and viewed from the stand point most favorable to the verdict certainly is probative on the issue.

The evidence in this case clearly showed that the Appellant was still incarcerated less than 5 years before he was arrested with a firearm

in this case. Therefore, he was necessarily not outside of the 5 year statutory limitation for felon in possession of a firearm. He also told the officer that he was on parole when he was arrested. When all of the evidence is viewed from the standpoint most favorable to the verdict, the jury could clearly have reasonably found that the Appellant possessed the firearm before the fifth anniversary of his release from confinement or parole.

## PRAYER

The State of Texas respectfully prays that the judgment of conviction herein be, in all things, be affirmed.

Respectfully Submitted,

HENRY GARZA
District Attorney

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney
P.O. Box 540
Belton, Tx 76513
(254) 933-5215
FAX (254) 933-5704
DistrictAttorney@co.bell.tx.us
SBA No. 15200000

13

# CERTIFICATE OF COMPLIANCE WITH RULE 9

This is to certify that the State's Brief is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 1780 words.

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this brief has been served upon, Erica Copeland, Counsel for Appellant, by electronic transfer via Emil, addressed to her at ecopeland63@yahoo.com on this 13th day of February , 2015.

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney