# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00673-CR

Christopher Anthony George, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
NO. 72519, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## MEMORANDUM OPINION

A jury convicted appellant, Christopher Anthony George, of unlawful possession of a firearm by a felon. Appellant challenges the sufficiency of the evidence, contending that the State did not prove beyond a reasonable doubt that he possessed a firearm within five years of his release from confinement following a prior felony conviction as required by the Texas Penal Code. *See* Tex. Penal Code § 46.04(a)(1). We will affirm the judgment of conviction.

## BACKGROUND[1]

Appellant was arrested for driving with a suspended license on February 10, 2014. His vehicle was impounded, leading to the discovery of a gun and a loaded magazine inside.

---

[1] Because the parties are familiar with the facts of this case, its procedural history, and the evidence adduced at trial, we provide only a general overview here. We provide additional facts in the opinion as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4. The facts recited are taken from the testimony and other evidence presented at trial.

Appellant was subsequently tried for possession of a firearm by a felon under Texas Penal Code § 46.04(a)(1). The indictment and jury charge alleged that appellant possessed a firearm on February 10, 2014, and that this date fell before the fifth anniversary of his release from confinement or parole for his prior felony conviction of robbery.

At trial, the arresting officer testified that appellant told him that he was on parole. The State admitted a judgment and pen packet[2] indicating that appellant was convicted of robbery on January 29, 2009 and transferred from the county jail to the penitentiary on February 18, 2009 to serve a three-year sentence. Neither appellant nor the State offered evidence of the specific date of appellant's release. The jury convicted appellant, and this appeal followed.

## LEGAL OVERVIEW

Due process requires that the State prove, beyond a reasonable doubt, every element of the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 313 (1979); *Rabb v. State*, 434 S.W.3d 613, 616 (Tex. Crim. App. 2014). When reviewing the sufficiency of the evidence to support a conviction, we consider all the evidence in the light most favorable to the verdict to determine whether, based on the evidence and the reasonable inferences therefrom, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013); *see Jackson*, 443 U.S. at 319; *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). We assume that the trier of fact resolved conflicts

---

[2] Appellant's pen packet was admitted without objection for the purpose of proving that he was convicted of robbery on January 29, 2009. However, the pen packet also indicates the date on which appellant was transferred to the Texas Department of Corrections.

2

in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Jackson*, 443 U.S. at 318; *Merritt v. State*, 368 S.W.3d 516, 525-26 (Tex. Crim. App. 2012). "Our role on appeal is restricted to guarding against the rare occurrence when a factfinder does not act rationally." *Laster v. State*, 275 S.W.3d 512, 518 (Tex. Crim. App. 2010).

Under the Texas Penal Code, a felon commits unlawful possession of a firearm "if he possesses a firearm: (1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later." Tex. Penal Code § 46.04(a)(1).

## DISCUSSION

On appeal, appellant does not contest the evidence showing that he possessed a firearm on February 10, 2014. Rather, he challenges the sufficiency of the evidence to establish that this date fell within the five-year period enumerated in Section 46.04(a)(1). Appellant argues that, because he was convicted for robbery more than five years before he was found with a firearm, the State was required to establish the specific date of his release from confinement or supervision. He cites to *Fagen v. State* in support of this argument. 362 S.W.3d 796, 800 (Tex. App.—Texarkana 2012, pet. ref'd) ("[T]he minimum period that a felon will be prohibited from possessing a firearm . . . is five years from the date of conviction. The date of release from confinement is necessary to determine the maximum length of this period specifically when the period extends beyond five years from the date of conviction.") (quoting *Tapps v. State*, 257 S.W.3d 438, 445 (Tex. App.—Austin 2008), *aff'd on other grounds*, 294 S.W.3d 175 (Tex. Crim. App. 2009)). Appellant

3

further contends that the State offered the pen packet as proof of conviction rather than proof of the release date, leaving the jury to infer appellant's release date by speculating on the meaning of language in the pen packet and "do[ing] the math" based on the length of appellant's sentence. He argues these are grounds for reversal, citing to *Saldana v. State* in which the court reversed because defendant possessed a firearm more than five years after his prior felony conviction and the State did not establish defendant's release date, forcing the jury to speculate and surmise the release date from the sentence and jail credit. 418 S.W.3d 722, 726 (Tex. App.—Amarillo 2013, no pet.). The State argues that it proved that appellant possessed a firearm within the proscribed period by establishing that he was transferred—and therefore confined—on a date falling within that period, citing to *Gill v. State*, 57 S.W. 3d 540 (Tex. App.—Waco 2001, no pet.) (affirming without proof of release date where felon possessed firearm more than five years after prior conviction but less then five years after initial incarceration).

Based on the record before us, we conclude that there was sufficient evidence to support appellant's conviction. Viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have determined that appellant was convicted on January 29, 2009 and still confined on February 18, 2009 based on the judgment and the pen packet. The State admitted evidence that appellant possessed a firearm on February 10, 2014. On appeal, appellant does not explicitly challenge the fact that he possessed a firearm on that date. He bases his appeal on the lack of a specific release date in the evidence. Although the State did not provide evidence of appellant's specific release date, the pen packet indicates that appellant was transferred to prison to serve his sentence for robbery on February 18, 2009. Consequently, his release date was

4

necessarily after February 18, 2009. Therefore, by possessing a firearm on February 10, 2014, appellant possessed a firearm prior to the fifth anniversary of his release date. We do not read *Fagen* and *Tapps* to demand an exact release date when the State can otherwise prove that a defendant possessed a firearm within the proscribed period. The jury did not have to speculate to determine that appellant could not have been released from confinement until some point after he was confined. *Gill*, 57 S.W.3d at 546 ("Because [appellant] committed the instant offense less than five years after he went to prison, he necessarily committed it within five years after he was released from prison."). This case is, therefore, distinguishable from *Fagen*, where "[i]t was entirely possible that [appellant] could have been released . . . whether through pardon, clemency, or otherwise" more than five years before he possessed a firearm.

The State provided sufficient evidence to establish that appellant possessed a firearm within the proscribed period without requiring the jury to engage in speculation. We, therefore, overrule appellant's sole point of error.

## CONCLUSION

Having concluded that the evidence is sufficient to support appellant's conviction for unlawful possession of a firearm by a felon, we affirm the trial court's judgment of conviction.

 

                                        _____

                                          Cindy Olson Bourland, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed:   October 16, 2015

Do Not Publish