PD-1463-15

PD-1463-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/10/2015 1:28:35 PM
Accepted 11/12/2015 1:30:05 PM
ABEL ACOSTA
CLERK

PD No. _____

# IN THE COURT OF CRIMINAL APPEALS
## AT AUSTIN, TEXAS

---

**CHRISTOPHER ANTHONY GEORGE,** §
    **Appellant** §
        §     **CAUSE NO. 03-14-00763-CR**
**V.** §
        §     **TRIAL COURT NO. 72519**
**THE STATE OF TEXAS,** §
    **Appellee** §

---

## PETITION FOR DISCRETIONARY REVEW
## FROM THE THIRD COURT OF APPEALS
## AT AUSTIN, TEXAS

---

## CHIEF JUSTICE JIM WRIGHT, PRESIDING

---

## PETITION OF PETITIONER (APPELLANT)

---

**COPELAND LAW FIRM**
**PO Box 399**
**Cedar Park, Texas 78613**
**Tel. 512-897-8126**
**Fax. 512-215-8144**

**ERIKA COPELAND**
**State Bar No. 16075250**
**Attorney for Appellant**

FILED IN
COURT OF CRIMINAL APPEALS

November 12, 2015

ABEL ACOSTA, CLERK

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| **Table of Contents** | | *i-iii* |
| **Index of Authorities** | | *iv* |
| **I.** | **Identity of Trial Court and Parties** | 1 |
| **II.** | **Statement Regarding Oral Argument** | 2 |
| **III.** | **Statement of the Case** | 3 |
| **IV.** | **Statement of the Procedural History of the Case** | 4 |
| **V.** | **Ground for Review** | 4 |

      The Court of Appeals erred and deviated from prior decisions which refute the idea that jurors must be able to "do the math" to reach conclusions supported by the evidence when it determined that there was sufficient evidence supporting appellant's conviction for possession of a firearm by a felon. Specifically, the Court of Appeals erred in finding sufficient evidence that the State proved a "release date" from prison for purposes of proving appellant possessed a firearm within five years of that date. *See **Fagen v. State***, 362 S.W.3d 796 800 (Tex. App. – Texarkana 2012, *pet. ref'd*) ("The date of release from confinement is necessary to determine the maximum length of this period specifically when the period extends beyond the five years from the date of conviction.")(quoting ***Tapps v. State***, 257 S.W.3d 438, 445 [Tex. App. – Austin 2008), *aff'd on other grounds*, 294 S.W.3d 175 (Tex. Crim. App. 2009]).

| **VI.** | **Summary of the Argument** | 5 |
|---|---|---|
| **VII.** | **Background and Statement of Pertinent Evidence** | 6 |
| **VIII.** | **Court of Appeals' Decision** | 6 |

**IX.   Argument**                                                               **7**

      A.    The Court of Appeals deviated from the norm in such a manner that a review of its opinion is required.

          (1)   The Court of Appeals erroneously distinguishes the *Fagen* and *Saldana* cases.

              (a)   The pen packet on which the Court distinguishes *Saldana* was offered by the State only to prove a prior conviction.

              (b)   The State did not argue that the pen packet proved date of release.

          (2)   The Court of Appeals' reliance on the pen packet to prove date of release is misplaced as it still requires a jury to "do the math"

              (a)   Under the Court of Appeals' reasoning, the jury must, of necessity, read the entirety of the pen packet to arrive at its conclusion.

              (b)   The jury must not only read but *understand* the terms and conditions of a State agency's internally generated document to find evidence of George's date of release.

      B.    The Court of Appeals' opinion erroneously distinguishes precedent in a manner that fails to acknowledge that this verdict was not rationally determined from the evidence presented at trial.

**TABLE OF CONTENTS, continued**

Page

X.  **Prayer**                                                      10

XI. **Certificate of Service and Compliance with Rule 9**          10

# INDEX OF AUTHORITIES

**Authorities**                                                                                                **Page**

## United States Supreme Court cases

*Jackson v. Virginia*                                                                                              **6**
    443 U.S.307, 313 (1979)

## Texas Court of Criminal Appeals cases

*Hooper v. State*                                                                                                 **8**
    214 S.W.3d 9, 16 (Tex. Crim. App. 2007)

*Laster v. State*                                                                                                 **6**
    275 S.W.3d 512 (Tex. Crim. App. 2010)

*Temple v. State*                                                                                                 **6**
    390 S.W.3d 341, 360 (Tex. Crim. App. 2013)

## Texas Court of Appeals cases

*Fagen v. State*                                                                                              **ii,4,5,7**
    362 S.W.3d 796 800 (Tex. App. – Texarkana 2012, *pet. ref'd*)

*Saldana v. State*                                                                                            **ii,7,8**
    418 S.W.3d 722 (Tex. App. – Amarillo 2013, no pet)

*Tapps v. State*                                                                                                 **i,4**
    257 S.W.3d 438, 445 [Tex. App. – Austin 2008),
    *aff'd on other grounds*, 294 S.W.3d 175
    (Tex. Crim. App. 2009]).

## Statutes

**TEX. PENAL CODE §46.04(a)(1) (West 2010)**                                                                      **3**

# I. IDENTITY OF TRIAL COURT AND PARTIES TO THE COURT OF CRIMINAL APPEALS:

**NOW COMES** Christopher Anthony George, appellant, who would show the Court that the trial court and interested parties herein are as follows:

**HON. MARTHA J. TRUDO**, Judge Presiding, 264th Judicial District Court, P.O. Box 747, Belton, Texas 76513.

**CHRISTOPHER ANTHONY GEORGE**, appellant, TDCJ No. 01963080, Beto Unit, 1391 FM 3328, Tennessee Colony, Texas 75880.

**STEVE STRIEGLER**, trial attorney for appellant, P.O. Box 1683, Belton, Texas 76513.

**ERIKA COPELAND**, appellate attorney for appellant, P.O. Box 399, Cedar Park, Texas 79613.

**MICHAEL WALDMAN** and **BOB ODOM**, Bell County Assistant District Attorneys, trial and appellate attorneys, respectively, for appellee, the State of Texas, P.O. Box 540, Belton, Texas 76513.

## II. STATEMENT REGARDING ORAL ARGUMENT

Appellant believes the clarity of the issue in this case is such that oral argument would add nothing.

**IN THE COURT OF CRIMINAL APPEALS
AT AUSTIN, TEXAS**

---

**CHRISTOPHER ANTHONY GEORGE,** §
       **Appellant** §
 §     **CAUSE NO. 03-14-00763-CR**
**V.** §
 §     **TRIAL COURT NO. 72519**
 §
**THE STATE OF TEXAS,** §
       **Appellee** §

---

**PETITION FOR DISCRETIONARY REVEW
FROM THE THIRD COURT OF APPEALS
AT AUSTIN, TEXAS**

---

**CHIEF JUSTICE JEFF ROSE, PRESIDING**

---

## III. STATEMENT OF THE CASE

A jury found Christopher Anthony George guilty of unlawful possession of a firearm by a felon. *See* **TEX. PENAL CODE §46.04(a)(1) (West 2010)**. The trial court assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of eighteen (18) years.

## IV. STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

The Third Court of Appeals at Austin, Texas, by Memorandum Opinion dated October 16, 2015, affirmed George's conviction and sentence. A copy of that opinion is hereto attached as if fully incorporated herein at length.

## V. GROUND FOR REVIEW

The Court of Appeals erred and deviated from prior decisions which refute the idea that jurors must be able to "do the math" to reach conclusions supported by the evidence when it determined that there was sufficient evidence supporting appellant's conviction for possession of a firearm by a felon. Specifically, the Court of Appeals erred in finding sufficient evidence that the State proved a "release date" from prison for purposes of proving appellant possessed a firearm within five years of that date. *See Fagen v. State*, 362 S.W.3d 796 800 (Tex. App. – Texarkana 2012, *pet. ref'd*) ("The date of release from confinement is necessary to determine the maximum length of this period specifically when the period extends beyond the five years from the date of conviction.")(quoting *Tapps v. State*, 257 S.W.3d 438, 445 [Tex. App. – Austin 2008), *aff'd on other grounds*, 294 S.W.3d 175 (Tex. Crim. App. 2009]).

## VI. SUMMARY OF THE ARGUMENT

Very clearly, the State proved that George had a previous conviction for robbery from 2009. However, the State did not produce evidence of the date of his release from confinement from that conviction. Neither did his prior judgment nor any other evidence adduced at trial prove beyond a reasonable doubt that he was released from supervision for the conviction under community supervision, parole, or mandatory supervision, within five years of the date of the anniversary of that conviction. *See **Fagan v. State***, 326 S.W.3d 796 (Tex. App. – Texarkana 2012, *pet. ref'd*). The Court of Appeals erred when it determined there was legally sufficient evidence to support the decision, nevertheless, on the basis that appellant's pen packet contained a reference to his transfer from county jail to prison. That result deviates from the norm set forth in prior decisions which refute the idea that jurors must be able to "do the math" to reach conclusions supported by the evidence. Not only must jurors be expected, in this case, to read the entirety of an exhibits offered and argued to prove a prior conviction; but, the jurors must also be able to interpret and understand the terms and meanings of documents generated by a state agency with which, most probably, they are unfamiliar.

## VII. BACKGROUND AND STATEMENT OF PERTINENT EVIDENCE[1]

Appellant was arrested for driving with a suspended license on February 10, 2014. (R.R. 6, pp. 46-47). His vehicle was impounded, leading to the discovery of a gun and loaded magazine inside. (R.R. 6, pp. 88-89). Appellant was subsequently tried for possession of a firearm by a felon under Texas Penal Code §46.04(a)(1). The indictment and jury charge alleged that appellant possessed a firearm on February 10, 2014, and that this date fell before the fifth anniversary of his release from confinement or parole for his prior felony conviction of robbery. (C.R. 1, p. 5).

At trial, the arresting officer testified that appellant told him that he was on parole. The State admitted a judgment and pen packet to prove that George was convicted of robbery on January 29, 2009. The packet noted that he was "transferred" from the county jail to the penitentiary on February 18, 2009 to serve a three-year sentence. *See* State's Exhibit 1. Neither George nor the State offered evidence of the specific date of appellant's release.

## VIII. COURT OF APPEALS' DECISION

The Court of Appeals employed the correct standards for a due process review of the sufficiency of the evidence to support the jury's verdict. *See **Jackson v.***

---

[1] George here adopts the "Background" set forth by the Court of Appeals in its opinion.

*Virginia*, 443 U.S.307, 313 (1979); *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013) and *Laster v. State*, 275 S.W.3d 512 (Tex. Crim. App. 2010). Here, the appellate court noted that appellant's judgment and pen packet indicates he was transferred to prison to serve his sentence on a date certain, that his release date had necessarily to be after that date. Therefore, the Court reasoned, he had to possess a firearm prior to the fifth anniversary of his release date, and the State's burden of proof in that regard was satisfied. *See Slip op.* at 5.

## IX. ARGUMENT

Here, George takes issue with the Court of Appeals' reasoning that the date of his release from confinement was established for proof of the offense charged by the introduction of a judgment and pen packet. In fact, the Court errs when it reaches that decision by distinguishing the *Fagen* and *Saldana*[2] cases from the case under review.

The judgment and pen packet were introduced by the State in this case, not to prove confinement and date of release, but to bolster other fingerprint evidence to support proof of his conviction. *See* State's Exhibit 2. Certainly, the State did not argue at any time that it proved anything else.

---

[2] *Saldana v. State*, 418 S.W.3d 722 (Tex. App. – Amarillo 2013, *no pet.*) (The State did not establish defendant's release date, forcing the jury to speculate and surmise the release date from the sentence and jail credit.)

"But, was it before the fifth anniversary of his release from confinement or parole following conviction of a felony? Well, he was convicted in 2009. And what did he tell you right on videotape? I'm on parole. I wouldn't have a gun. You probably remember that. So if he says he was on parole, it's certainly within five years of him being discharged from parole. Even if you do the math, conviction in 2009 with three years in prison, and then get out, on parole five years after that, we're within the time frame any way you look at it. This is simply not an issue."

– (R.R. 7, p. 89).

And, it is notable that the State's invitation in final argument for the jury to "do the math" was remarkably similar to the argument made in *Saldana v. State*, 418 S.W.3d 722 (Tex. App. – Amarillo 2013). In *Saldana*, the State's evidence included a certified copy of a judgment showing appellant's April 30, 2007 felony conviction, and the resulting two-year state jail sentence. Evidence showed he was arrested in possession of a firearm on September 19, 2012, some five years and five months after his felony conviction, but the 2007 judgment provided no evidence of the date appellant was released from confinement after the conviction. Neither did the record contain any other evidence of the date of Saldana's release. In finding the evidence insufficient to convict appellant of the charged offense, the appellate court noted that the prosecutor's invitation to "do the math" and infer the date of appellant's release from confinement from the date of the 2007 conviction, the length of sentence, and jail credit offered the jury an unworkable formula requiring

surmise and speculation. *See **Hooper v. State***, 214 S.W.3d 9, 16 (Tex. Crim. App. 2007) (conclusion based on speculation not sufficient based on facts or evidence to support a finding beyond reasonable doubt). The Court of Appeals here also invites the jury to "do the math." Its opinion invites speculation as to whether the jury even read the pen packet, much less that it read those documents with a view to determining the date a transfer occurred in order to calculate a time period on which to base its judgment. The opinion of the Court of Appeals apparently assumes that this jury did just that.

*Conclusion*

The evidence in this case, even when viewed in the light most favorable to the verdict, is insufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. Neither the evidence adduced nor the State's argument asking the jury to infer the missing evidence sufficiently supported the jury's verdict. The Court of Appeals erred when it distinguished precedent in a way which justified a verdict but which failed to acknowledge that the verdict was not rationally derived from the evidence presented, and, in doing so, the Court deviated from the norm in such a manner that its opinion cannot stand.

# X. PRAYER

**WHEREFORE**, Mr. George prays that the Court of Criminal Appeals reverse the judgment of the appellate court and order an acquittal, or, in the alternative, enter such other orders as may be appropriate with its decision herein.

**COPELAND LAW FIRM**
P.O. Box 399
Cedar Park, TX 78613
Mobil/Text: 512-897-8126
Fax: 512-215-8114
e-mail: ecopeland63@yahoo.com

By: _/s/ Erika Copeland_
Erika Copeland
State Bar No. 16075250

## CERTIFICATE OF SERVICE AND OF COMPLIANCE WITH RULE 9

This is to certify that on November 10, 2015, a true and correct copy of the above and foregoing document was served on Bob Odom, Assistant District Attorney of Bell County, P.O. Box 540, Belton, Texas 76513, and the State Prosecuting Attorney, P.O. Box 12405, Capital Station, Austin, Texas 78711, in accordance with the Texas Rules of Appellate Procedure, and that the Petition for Discretionary Review of Appellant is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 1778 words.

_/s/ Erika Copeland_
Erika Copeland

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

JUDGMENT RENDERED OCTOBER 16, 2015

---

NO. 03-14-00673-CR

---

Christopher Anthony George, Appellant

v.

The State of Texas, Appellee

---

APPEAL FROM THE 264TH DISTRICT COURT OF BELL COUNTY
BEFORE JUSTICES PURYEAR, PEMBERTON, AND BOURLAND
AFFIRMED -- OPINION BY JUSTICE BOURLAND

---

This is an appeal from the judgment of conviction entered by the trial court. Having reviewed the record and the parties' arguments, the Court holds that there was no reversible error in the trial court's judgment of conviction. Therefore, the Court affirms the trial court's judgment of conviction. Because appellant is indigent and unable to pay costs, no adjudication of costs is made.

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

NO. 03-14-00673-CR

---

Christopher Anthony George, Appellant

v.

The State of Texas, Appellee

---

FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
NO. 72519, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant, Christopher Anthony George, of unlawful possession of a firearm by a felon. Appellant challenges the sufficiency of the evidence, contending that the State did not prove beyond a reasonable doubt that he possessed a firearm within five years of his release from confinement following a prior felony conviction as required by the Texas Penal Code. *See* Tex. Penal Code § 46.04(a)(l). We will affirm the judgment of conviction.

## BACKGROUND[1]

Appellant was arrested for driving with a suspended license on February I 0, 2014. His vehicle was impounded, leading to the discovery of a gun and a loaded magazine inside.

---

[1] Because the parties are familiar with the facts of this case, its procedural history, and the evidence adduced at trial, we provide only a general overview here. We provide additional facts.in the opinion as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4. The facts recited are taken from the testimony and other evidence presented at trial.

Appellant was subsequently tried for possession of a firearm by a felon under Texas Penal Code § 46.04(a)( l). The indictment and jury charge alleged that appellant possessed a firearm on February 1O, 2014, and that this date fell before the fifth am1iversaiy of his release from confinement or parole for his prior felony conviction of robbery.

At trial, the arresting officer testified that appellant told him that he was on parole. The State admitted a judgment and pen packet' indicating that appellant was convicted of robbery on January 29, 2009 and transferred from the county jail to the penitentiary on February 18, 2009 to serve a three-year sentence. Neither appellant nor the State offered evidence of the specific date of appellant's release. The jury convicted appellant, and this appeal followed.

### LEGAL OVERVIE\V

Due process requires that the State prove, beyond a reasonable doubt, every element of the crime charged. *Jackson v. Virginia,* 443 U.S. 307, 313 *( 1979); Rabb v. State,* 434 S.W.3d 613, 616 (Tex. Crim. App. 2014). When reviewing the sufficiency of the evidence to support a conviction, we consider all the evidence in the light most favorable to the verdict to dete1mine whether, based on the evidence and the reasonable inferences therefrom, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Temple v. State,* 390 S.W.3d 341, 360 (Tex. Crim. App. 2013); *see Jackson,* 443 U.S. at 319; *Brooks v. State,* 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). We assume that the trier of fact resolved conflicts

---

[2] Appellant's pen packet was admitted without objection for the purpose of proving that he was convicted of robbery on January 29, 2009. However, the pen packet also indicates the date on which appellant was transferred to the Texas Department of Corrrections.

2

in the testimony, weighed the evidence, and drew reasonable inferences in a manner that suppo1is the verdict. *Jackson,* 443 U.S. at 318; *Merritt v. State,* 368 S.W.3d 516, 525-26 (Tex. Crim. App. 2012). **"Our** role on appeal is restricted to guarding against the rare occurrence when a factfinder does not act rationally." *Laster v. State,* 275 S.W.3d 512, 518 (Tex. Crim. App. 2010).

Under the Texas Penal Code, a felon commits unlawful possession of a firearm "if he possesses a firearm: (1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later." Tex. Penal Code § 46.04(a)(l).

## DISCUSSION

On appeal, appellant does not contest the evidence showing that he possessed a firearm on Febrna1y 10, 2014. Rather, he challenges the sufficiency of the evidence to establish that this date fell within the five-year period enumerated in Section 46.04(a)(l). Appellant argues that, because he was convicted for robbery more than five years before he was found with a firearm, the State was required to establish the specific date of his release from confinement or supervision. He cites to *Fagen v. State* in support of this argument. 362 S.W.3d 796, 800 (Tex. App.-Texarkana 2012, pet. ref d) ("[T]he minimum period that a felon will be prohibited from possessing a firearm . . . is five years from the date of conviction. The date of release from confinement is necessary to determine the maximum length of this period specifically when the period extends beyond five years from the date of conviction.") (quoting *Tapps v. State,* 257 S.W.3d 438, 445 (Tex. App.-Austin 2008), *aff'd on other grounds,* 294 S.W.3d 175 (Tex. Crim. App. 2009)). Appellant

3

further contends that the State offered the pen packet as proof of conviction rather than proof .of the release date, leaving the jury to infer appellant's release date by speculating on the meaning of language in the pen packet and "do[ing) the math" based on the length of appellant's sentence. He argues these are grounds for reversal, citing to *Saldana v. State* in which .the court reversed because defendant possessed a firearm more than five years after his prior felony conviction and the State did not establish defendant's release date, forcing the jury to speculate and surmise the release date from the sentence and jail credit. 418 S.W.3d 722, 726 (Tex. App.-Amarillo 2013, no pet.). The State argues that it proved that appellant possessed a firearm within the proscribed period by establishing that he was transferred-and therefore confined on a date falling within that period, citing to *Gill v. State,* 57 S.W. 3d 540 (Tex. App.-Waco 2001, no pet.) (affirming without proof of release date where felon possessed firearm more than five years after prior conviction but less then five years after initial incarceration).

Based on the record before us, we conclude that there was sufficient evidence to support appellant's conviction. Viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have determined that appellant was convicted on January 29, 2009 and still confined on February 18, 2009 based on the judgment and the pen packet. The State admitted evidence that appellant possessed a firearm on February 10, 2014. On appeal, appellant does not explicitly challenge the fact that he possessed a firearm on that date. He bases his appeal on the lack of a specific release date in the evidence. Although the State did not provide evidence of appellant's specific release date, the pen packet indicates that appellant was transferred to prison to serve his sentence for robbery on February 18, 2009. Consequently, his release date was

4

necessarily after February 18, 2009. Therefore, by possessing a firearm on February 10, 2014, appellant possessed a firearm prior to the fifth anniversary of his release date. We do not read *Fagen* and *Tapps* to demand an exact release date when the State can otherwise prove that a defendant possessed a firearm within the proscribed period. The jury did not have to speculate to determine that appellant could not have been released from confinement until some point after he was confined. *Gill,* 57 S.W.3d at 546 ("Because [appellant] committed the instant offense less than five years after he went to prison, he necessarily committed it within five years after he was released from prison."). This case is, therefore, distinguishable from *Fagen ,* where "[i]t was entirely possible that [appellant] could have been released . . . whether through pardon, clemency, or otherwise" more than five years before he possessed a firearm.

The State provided sufficient evidence to establish that appellant possessed a firearm within the proscribed period without requiring the jury to engage in speculation. We, therefore, overrule appellant's sole point of error.

## CONCLUSION

Having concluded that the evidence is sufficient to support appellant's conviction for unlawful possession of a firearm by a felon, we affirm the trial court's judgment of conviction.

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed: October 16, 2015

Do Not Publish

6