

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00215-CR

---

JUSTIN DUNWAY FRIAR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 452nd District Court
McCulloch County, Texas
Trial Court No. 6709, Honorable Robert R. Hofmann, Presiding

---

June 6, 2024

## MEMORANDUM OPINION[1]

### Before QUINN, C.J., and PARKER and DOSS, JJ.

A jury convicted appellant for unlawfully possessing a firearm by a felon.[2] He alleges that the State failed to prove the elements of the crime described in the indictment by legally sufficient evidence. No one disputes his status as a felon who possessed a shotgun while being pursued by law enforcement. Rather, the element in question

---

[1] This appeal was transferred from the Third Court of Appeals. We apply the latter's precedent where it conflicts with ours. TEX. R. APP. P. 41.3.

[2] This conviction is one of three which appellant appealed. We disposed of the other two appeals via separate opinions in our cause numbers 07-22-00213-CR and 07-22-00214-CR.

involves his release from confinement. Furthermore, we sustain his contention and reverse.

### *Background*

On January 11, 2021, a DPS trooper was stopped on a residential street when he observed appellant approaching in a white Cadillac Escalade from the opposite direction. The trooper 1) had arrested him approximately two months earlier for driving with an invalid license, 2) recognized appellant as he drove by, 3) witnessed appellant increase his speed on the residential street, and 4) performed a u-turn to follow. Appellant then performed several turns on the neighborhood streets, ran a stop sign, drove on the wrong side of the street, and eventually stopped in the middle of an intersection. A video of the incident also captured him leaning from the driver's side window while in the intersection and pointing a shotgun at the trooper. Thereafter, appellant sped away.

The abandoned Escalade soon was discovered. A search of it and the surrounding area uncovered the shotgun and a shotgun shell. Law enforcement eventually succeeded in arresting appellant.

The State later indicted him. Through the instrument, it alleged: "JUSTIN DUNWAY FRIAR . . . on or about January 11, 2021, did then and there, having been convicted of the felony offense of Burglary of a Habitation on the 21st day of April 2015 . . . intentionally and knowingly possess a firearm before the fifth anniversary of the defendant's release from confinement following conviction of the felony." A jury trial ensued whereat appellant testified. His testimony included an admission (intentional or otherwise) to his status as a felon and parolee at the time of the chase. However, the State did not present evidence of the date from which he was released from confinement. The jury found him guilty, nonetheless.

2

***Discussion***

Again, appellant questions the sufficiency of the evidence proving the date of his release from confinement.  We sustain the issue.

Statute defines the offense of felon in possession of a firearm as follows:

(a) A person who has been convicted of a felony commits an offense if he possesses a firearm:

(1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever is later.

TEX. PENAL CODE ANN. § 46.04(a)(1).  As can be seen, two time periods are mentioned in the alternative.  One pertains to five years after release from confinement and the other to five years after release from supervision or parole.  The State selected the former to include in the indictment.  This selection was also included in the trial court's charge submitted to the jury.

In assessing the sufficiency of the evidence to support the resulting conviction, we apply the standard of review discussed in *Saldana v. State*, 418 S.W.3d 722 (Tex. App.—Amarillo 2013, no pet.).  Our obligation is to view all of the evidence in the light most favorable to the judgment and determine if any rational trier of fact "could have found the essential elements of the crime beyond a reasonable doubt."  *Id.* at 724.  The essential elements are those defined by the hypothetically correct jury charge.  *Id.*  A hypothetically correct charge is one that 1) accurately specifies the law, 2) is authorized by the indictment, 3) does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and 4) adequately describes the particular offense for which the defendant was tried.  *Id.*

3

Moreover, where the State pleads one specific element from an offense that contains alternatives for that element, the sufficiency of the evidence is measured by the element it selected, not any other. *Id.* And, this remains true even if the alternatives alluded to consist of different manner and means by which one may commit the crime. We learn as much from *Clinton v. State*, 354 S.W.3d 795, 799 (Tex. Crim. App. 2011). There, our Court of Criminal Appeals told us: "when the statute defines alternative methods **of manner and means** of committing an element and the indictment alleges only one of those methods, 'the law' for purposes of the hypothetically correct charge[] is the single method alleged in the indictment." *Id.* at 799 (quoting *Gollihar v. State*, 46 S.W.3d 243, 254 (Tex. Crim. App. 2001)) (emphasis added). That said, we turn to the case at hand.

Here, the hypothetically correct charge is that described by the trial court to the jury. In its charge, the court wrote: "[t]o prove that the defendant is guilty of unlawful possession of a firearm by a felon, the state must prove, beyond a reasonable doubt, three elements. The elements are that . . . the defendant intentionally or knowingly possessed a firearm; and . . . the defendant was convicted of a felony; and . . . said possession of a firearm occurred before the fifth anniversary of the defendant's release from confinement following conviction of a felony." The allegation both tracks § 46.04(a)(1) and evinces the State's selection of a pertinent time period, i.e*.,* "release from confinement." It could have selected the period defined by "release from supervision . . . [or] parole" but opted otherwise. Furthermore, nothing obligated it to include both release from confinement **and** supervision, though it also could have included both. *See Wood v. State*, 636 S.W.3d 83, 90 (Tex. App.—Fort Worth 2021, no pet.) (stating that "[t]he State was free to list multiple alternative timeframe elements in Wood's indictment;

4

it could have alleged that he possessed a weapon before the fifth anniversary of his release from confinement and of his release from parole supervision"). And, having selected "release from confinement," it became "the only statutory timeframe element 'authorized by the indictment' [for inclusion] . . . in the hypothetically correct jury charge— the charge by which the sufficiency of the evidence is measured." *Id.*; *accord, Trevino v. State,* No. 13-14-00280-CR, 2015 Tex. App. LEXIS 4608, at *11–12 (Tex. App.—Corpus Christi May 7, 2015, no pet.) (mem. op., not designated for publication) (holding that "[b]ecause the 'nature of release' is one of the elements of the offense listed in the statute, the State was required to prove that element as alleged, and the variance is *per se* material").

Release from confinement being the only applicable time period against which the evidence is tested, we observe that appellant was found possessing a firearm on January 11, 2021. That date fell more than five years after his April 21, 2015 conviction for burglarizing the habitation. And, appearing on the streets by January of 2021, if not a few months earlier, means he was released from confinement at some time or another before January 2021. The actual date when that occurred is something the State admits it did not prove. Yet, it says that matters not for several reasons.

First, it attempts to fault appellant for not objecting to the indictment as improperly omitting both release from confinement and from supervision or parole. But, there was no defect requiring objection. Instead, as discussed and concluded above, the State had several alternative time periods from which to select. It chose one. Having done so, it was obligated to abide by its selection and prove appellant possessed a firearm within five years after his release from confinement. To now say appellant had a duty to object

5

to the State's selection and demand that it increase the ways by which he could be convicted is rather nonsensical.

As for the State's suggestion that the hypothetically correct jury charge should include the entirety of § 46.04(a)(1), we refer back to *Wood*, *Trevino*, and our earlier discussion of what constituted the hypothetically correct charge here. We need not repeat it. The hypothetically correct charge was the one the trial court at bar submitted to the jury.

Next, the State asserts that a jury could have deduced the date of release from the few years between his earlier conviction and his subsequent possession of the weapon. The date of appellant's arrest for possessing a firearm was approximately nine months beyond the five-year anniversary of his 2015 felony conviction. Admittedly, proof of the actual release date may not be necessary when found in possession of a firearm within five years of conviction. *See Davis v. State*, No. 06-19-00169-CR, 2020 Tex. App. LEXIS 4990, at *8 (Tex. App.—Texarkana April 6, 2020, no pet.) (mem. op., not designated for publication) (so noting); *Fagan v. State*, 362 S.W.3d 796, 800 (Tex. App.—Texarkana 2012, pet. ref'd) (quoting *Tapps v. State*, 257 S.W.3d 438, 445 (Tex. App.—Austin 2008), aff'd on other grounds, 294 S.W.3d 175 (Tex. Crim. App. 2009)). The same cannot be said when the individual is found in possession more than five years later; then proof of the actual date is necessary. *Id.* This is so because release may have come soon after conviction due to pardon, clemency, or other lawful means. *Fagan*, 362 S.W.3d at 801. And, to conclude "otherwise would be based upon speculation." *Id.*; *see Saldana*, 418 S.W.3d at 726 (rejecting a "do the math" argument because the prosecutor's invitation to "infer the date of appellant's release from confinement from the date of the 2007

6

conviction, the length of sentence, and jail credit offered the jury an unworkable formula requiring surmise and speculation").

We are also told by the State that the jury could have gained an understanding of parole law from an instruction stating a person in prison "will not become eligible for parole until the actual time served plus any good time conduct earned equals one-half of the sentence imposed or thirty years." Assuming this were so, the instruction, however, was given at the punishment phase of the trial and after the guilt/innocence phase ended in a guilty verdict. We deem it unreasonable to conclude that the jury could have calculated the release date via a purported formula about which it had yet to be told.

Because the State failed to produce evidence from which a rational jury could determine beyond reasonable doubt that appellant possessed the firearm within five years of his release from confinement, an element of the offense for which he was charged went unproven. Furthermore, we find no lesser-included offense implicit in the elements established and of which appellant may be convicted. *See Thornton v. State*, 425 S.W.3d 289, 299–300 (holding that before rendering an acquittal due to insufficient evidence, the reviewing court must determine whether the evidence proved a lesser-included offense for which the appellant may be convicted). Accordingly, we reverse the trial court's judgment and render judgment of acquittal. *See Wood*, 636 S.W.3d at 91 (rendering a judgment of acquittal due to the absence of evidence proving the date of release from confinement).

Brian Quinn
Chief Justice

Do not publish.

7